# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LIANGSWORD LIMITED,<br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>The Partnerships, Unincorporated Associations Identified on Schedule A,<br>　　　　　　　　　Defendants. | Case No. 0:24-cv-60618-AHS<br><br>Honorable Judge Raag Singhal |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL

Plaintiff, LIANGSWORD LIMITED, by and through counsel, hereby moves for this Honorable Court to grant leave to temporarily file under seal the following documents pursuant to Local Rule 5.4(b)(1):

a. <u>Schedule A to the Complaint, which identifies Defendants' Seller Aliases and their online store URL links;</u>

b. <u>Declaration of Yongkang Du, which includes Defendants' Seller Aliases, and Defendants' infringing evidence;</u>

c. <u>Declaration of Andrew Palmer, which references Defendants' Seller Aliases, and Defendants' infringing evidence;</u>

d. <u>Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order, which references Defendants' Seller Aliases, and Defendants' infringing evidence.</u>

## Legal standard

Pursuant to Local Rule 5.4(b) and (d), this Court may grant leave to file documents under seal and by *ex parte* request where the moving party: sets forth the factual and legal basis for departing from the policy that Court filings are public, describes the information or documents to be sealed (the "proposed sealed material") with particularity, and specifies the proposed duration of the requested sealing. The process of temporarily sealing documents in infringement cases

1

where good cause is shown has been permitted throughout the Southern District. *See Dell Inc. v. BelgiumDomains, LLC*, Case No. 07-cv-22674 (S.D. Fla. Nov. 21, 2007, J. Adalberto Jordan) (finding good cause to temporarily seal filings where defendants "will likely destroy evidence or move it out of the jurisdiction"); *Chanel Inc., v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No.: 20-cv-61646-RKA (S.D.Fla., Sept. 30, 2020, J. Roy K. Altman).

### Arguments

Plaintiff has filed the Complaint in the instant case alleging trademark infringement and false designation of origin against Defendants that market, advertise, and sell products that infringe Plaintiff's registered trademark through e-commerce stores. [Dkt. No. 1]

The documents sought to be filed under seal either identify of reference Defendants by their Seller Aliases and/or their online store URL links. Declaration of Yongkong Du also provides Defendants' product listings subject to trademark infringement. Since Plaintiff is requesting temporary *ex parte* relief based on Defendants' infringing activities, sealing this portion of the file is necessary to prevent the Defendants from learning about the requested *ex parte* relief prior to the execution of the temporary restraining order.

If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief.

**WHEREFORE**, Plaintiff respectfully requests for this Court to grant its Motion to File Under Seal. Once the temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents.

April 17, 2024.                                       Respectfully submitted,

/s/ Andrew J. Palmer
Andrew J. Palmer
Palmer Law Group, P.A.
5353 N. Federal Highway, Suite 402
Fort Lauderdale, FL 33308
Phone: 954-771-7050
ajpalmer@palmerlawgroup.com
***Attorney for Plaintiff***