UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-60618-CIV-SINGHAL

LIANGSWORD LIMITED,

    Plaintiff,

  v.

THE PARTNERSHIPS, UNINCORPORATED
ASSOCIATIONS IDENTIFED ON SCHEDULE A,

    Defendants.
_____/

### ORDER GRANTING IN PART PLAINTIFF'S MOTION
### FOR ENTRY OF A PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court on Plaintiff Liangsword Limited's Motion for Entry of a Preliminary Injunction (the "Motion") (DE [27]). Plaintiff moves for entry of a preliminary injunction against Defendants, the Partnerships and Unincorporated Associations Identified on Schedule A, and for entry of an order restraining the financial accounts used by Defendants under 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65(a). This Order addresses the Motion to the extent it requests entry of a preliminary injunction as to those defendants listed in the Schedule A, attached hereto (collectively the "Defendants"). The Court defers decision on the Motion to the extent it requests relief as to the defendants listed in the Schedule A to the Court's June 6, 2024, Order on Defendants' Motion for Continuance and to Set Briefing Schedule. *See* (DE [65] at 3).

The Court convened a hearing on June 6, 2024.  Counsel for Defendants[1] neither appeared nor filed responses to Plaintiff's Motion.  Because Plaintiff has satisfied the requirements for issuance of a preliminary injunction, the Court will now grant Plaintiff's Motion for Entry of a Preliminary Injunction as to Defendants.

## I.     Factual Background[2]

Plaintiff is the owner of the FACEGA trademark, U.S. Trademark Registration No. 6,477,441, which is valid and was registered on the Principal Register of the United States Patent and Trademark Office on September 7, 2021 (the "FACEGA Mark"). *See* (Declaration of Yongkang Du (DE [15]) ("Du Decl.") ¶ 4); *see also* United States Trademark Registrations for the FACEGA Mark ([DE 1-1]).  The FACEGA Mark is used in connection with various high-quality hand and garden tools, kitchen utensils, and personal care tools.  *See* Du Decl. ¶¶ 7, 13.

Defendants, through internet-based e-commerce stores operating under their store aliases identified on Schedule A, appended hereto, have advertised, promoted, offered for sale, or sold goods bearing or using what Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable imitations of the FACEGA Mark. *See id*. ¶¶ 9-10.  Defendants offered these goods bearing the FACEGA Mark to consumers across the United States, including in the State of Florida and within the Southern District of Florida.  *See id.* ¶ 10.  Defendants are not now, nor have they ever

---

[1] Note that counsel or representatives for other defendants in this action appeared at the June 6, 2024, hearing and were granted a revised briefing schedule for the Motion.  *See* (DE [63] & [65]).  These defendants are not listed in Schedule A to this Order and, therefore, are not bound by the preliminary injunction.

[2] The factual background is taken from Plaintiff's Complaint (DE [1]), its supporting Declarations (DE [15] & [16]), and the Motion (DE [27]).

been authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of Plaintiff's Mark. *See id*. ¶¶ 13-14.

Further, Plaintiff's counsel "reviewed the images and depictions displayed on the websites, including the domain name, product listing, information of the product, and detailed seller information of all sellers identified on Schedule A." *See* (Declaration of Andrew Palmer in Support of Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order (DE [16]) ("Palmer Decl.") ¶ 4). "After reviewing the infringing evidence," counsel believes that "it is apparent that the activities of the sellers identified in Schedule A are consistent with the general patterns of online counterfeiting activities." *See id*. ¶ 5.

Plaintiff filed the instant action on April 16, 2024, against Defendants for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. *See* (DE [1]). On April 30, 2024, Plaintiff filed its *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction and a Temporary Asset Restraint (DE [20]). On May 14, 2024, this Court issued a Sealed Order Granting Plaintiff's Ex Parte Motion for Entry of a Temporary Restraining Order ("TRO") and temporarily restrained Defendants from infringing the FACEGA Mark at issue. *See* (DE [24]). On May 20, 2024, Plaintiff filed this Motion for Entry of a Preliminary Injunction (DE [27]). In accordance with the Court's May 14, 2024, TRO and its subsequent May 22, 2024 Sealed Order Setting Hearing on Plaintiff's Motion for Entry of a Preliminary Injunction and Extending Temporary Restraining Order (DE [32]), Plaintiff properly served Defendants with a copy of the Complaint, all filings in this matter, the Court's May 14, 2024, TRO, and the Court's May 22, 2024, Order extending

the TRO and scheduling the preliminary injunction hearing. *See* (DE [38]). On June 6, 2024, the Court conducted a hearing on Plaintiff's Motion, at which no Defendants were in attendance. *See* (DE [63]).

## II.     Legal Standard

Title 15 U.S.C. §1114 provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive."

To obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case).

## III.     Conclusions of Law

The declarations Plaintiff submitted in support of its Ex Parte Application for Temporary Restraining Order and the representations made in the Motion for Entry of a Preliminary Injunction support the following conclusions of law:

A.     Plaintiff has a strong probability of proving at trial that (1) consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of goods bearing and/or using counterfeits, reproductions, or colorable

imitations of the FACEGA Mark, and that (2) the products Defendants are selling and promoting for sale are copies of Plaintiff's products that bear and/or use copies of the FACEGA Mark.

  B. Because of the infringement of the FACEGA Mark, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction order is not granted. The following specific facts, as set forth in Plaintiff's Complaint, Motion for Entry of a Preliminary Injunction, and declarations, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers because it is more likely true than not that:

   1. Defendants own or control e-commerce stores operating under their stores aliases which advertise, promote, offer for sale, and sell products bearing and/or using Plaintiff's FACEGA Mark without permission;

   2. There is good cause to believe that more counterfeit and infringing products bearing and/or using Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for their genuine products; and

   3. There is good cause to believe that Defendants can easily and quickly change the ownership or modify their e-commerce stores registration and account data and content, change payment accounts, redirect consumer traffic to other online stores, and transfer assets and ownership of the online stores, thereby thwarting Plaintiff's ability to obtain meaningful relief.

  C. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction order is issued is far

outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products if such relief is not issued.

D. The public interest favors issuance of the preliminary injunction order to protect Plaintiff's trademark interests, to encourage respect for the law, to facilitate the invention and development of innovative products, and to protect the public from being defrauded by the illegal sale of counterfeit goods.

E. Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing and/or using counterfeits and infringements of the FACEGA Mark. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'")).

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G. In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of a Preliminary Injunction (DE [27]) is **GRANTED IN PART AND DEFERRED IN PART** as follows:

1. The Court **DEFERS** its decision on Plaintiff's Motion for Entry of a Preliminary Injunction (DE [27]) as to the defendants who were granted a revised briefing schedule on this Motion, as listed in Schedule A to the Court's June 6, 2024, Order on Defendants' Motion for Continuance and to Set Briefing Schedule. *See* (DE [65] at 3).

2. Plaintiff's Motion for Entry of a Preliminary Injunction (DE [27]) is **GRANTED**, pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, as to the Defendants listed in the Schedule A attached to this Order under the terms set forth below:

### PRELIMINARY INJUNCTION ORDER

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them are preliminarily enjoined and restrained from:

    a. using Plaintiff's FACEGA Mark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine FACEGA product or not authorized by Plaintiff to be sold in connection with Plaintiff's FACEGA Mark;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine FACEGA product or any other product produced by Plaintiff, that is

7

        not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's FACEGA Mark;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing Plaintiff's FACEGA Mark and/or damaging Plaintiff's goodwill;

    e. otherwise competing unfairly with Plaintiff in any manner; and/or

    f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's FACEGA trademark or any reproductions, counterfeit copies or colorable imitations thereof.

2. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be preliminarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

3. Any third-party providers, including PayPal, Payoneer and Walmart, Inc. shall, within seven (7) business days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to,

        any financial accounts connected to the information listed in Schedule A attached hereto and any email addresses provided for Defendants by third parties; and

   b.   restrain and enjoin any such accounts or funds from transferring or disposing of money or any other assets belonging to Defendants until further ordered by this Court.

4. This Order shall apply to the seller aliases, associated e-commerce stores and websites, and any other seller identification names, e-commerce stores, domain names, websites, or financial accounts which are being used by the Defendants for the purpose of infringing the FACEGA Mark at issue in this action and/or unfairly competing with Plaintiff.

5. Any Defendants subject to this Order may appear and move to dissolve or modify the Order on two-day notice to Plaintiff or on shorter notice as set by this Court.

6. Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

7. As a matter of law, this Order shall no longer apply to any defendant or associated e-commerce store dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction.

8. In accordance with 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of $5,000.00 as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further

Court order. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

9. This Order shall remain in effect during the pendency of this action or until such further dates as set by the Court or stipulated by the parties.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida this 10th day of June 2024.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF

## Schedule A Defendants

| # | Seller Aliases | Defendants' Walmart Store URLs |
|---|---|---|
| 6 | BRAVE CAPS | https://www.walmart.com/seller/101281291 |
| 8 | SFN Co.Ltd | https://www.walmart.com/seller/101210300 |
| 9 | Good Friiends | https://www.walmart.com/seller/101280065 |
| 10 | Fabiurt Trading Co., Ltd. | https://www.walmart.com/seller/101470435 |
| 11 | LUCKY COKIE | https://www.walmart.com/seller/101086810 |
| 12 | kurtrussel | https://www.walmart.com/seller/101136211 |
| 13 | Aijeru Co. ltd | https://www.walmart.com/seller/101198726 |
| 14 | ManYuanPeiShangMao | https://www.walmart.com/seller/101585387 |
| 15 | YUANQUQU | https://www.walmart.com/seller/101588185 |
| 16 | Nexuty Envision.Co.ltd | https://www.walmart.com/seller/101444596 |
| 17 | Ailytec Inc | https://www.walmart.com/seller/101116836 |
| 19 | BNGXR | https://www.walmart.com/seller/101596059 |
| 20 | NB | https://www.walmart.com/seller/101175480 |
| 21 | XIOANGSNDBB | https://www.walmart.com/seller/101520943 |
| 24 | Footuyuboer | https://www.walmart.com/seller/101606330 |
| 25 | Yellow Tong | https://www.walmart.com/seller/101530456 |
| 26 | Steady Clothing | https://www.walmart.com/seller/101533003 |
| 28 | Guo Lai Money | https://www.walmart.com/seller/101578856 |
| 33 | Yingtian-Zoizocp | https://www.walmart.com/seller/101184302 |
| 35 | Qifa | https://www.walmart.com/seller/101185634 |
| 41 | CZ TRADE Co.Ltd | https://www.walmart.com/seller/101268835 |
| 47 | Maoxinze Official | https://www.walmart.com/seller/101345355 |
| 50 | LZ.Co. , Ltd. | https://www.walmart.com/seller/101491353 |
| 52 | Guangzhou youqihui co., ltd | https://www.walmart.com/seller/101518142 |
| 56 | GuangXi ZhiZhong Co., Ltd. | https://www.walmart.com/seller/101572315 |
| 57 | BNGXR-Direct | https://www.walmart.com/seller/101579122 |
| 59 | GOblee | https://www.walmart.com/seller/101585070 |
| 60 | galvanic | https://www.walmart.com/seller/101598238 |
| 61 | TXTOUTLET | https://www.walmart.com/seller/101620293 |
| 62 | CBLLC | https://www.walmart.com/seller/101611893 |
| 63 | Six6686 | https://www.walmart.com/seller/101598402 |
| 64 | MIANLAN | https://www.walmart.com/seller/101588212 |
| 65 | HAOSHUANG | https://www.walmart.com/seller/101584218 |
| 69 | Zitour | https://www.walmart.com/seller/101576124 |
| 70 | Xinyooa | https://www.walmart.com/seller/101575575 |
| 71 | Yubatuo | https://www.walmart.com/seller/101544307 |
| 72 | OOPQT.LTD | https://www.walmart.com/seller/101538111 |
| 73 | Rich Year | https://www.walmart.com/seller/101532995 |
| 76 | Sufanic | https://www.walmart.com/seller/101138308 |
| 80 | Yuyuan Co.ltd | https://www.walmart.com/seller/101222577 |

| | | |
|---|---|---|
| 81 | Caizhitong Trading Co., Ltd. | https://www.walmart.com/seller/101214001 |
| 83 | Kiskurassly Co. ltd | https://www.walmart.com/seller/101199085 |
| 87 | kingque Co.ltd | https://www.walmart.com/seller/101180761 |
| 90 | Youmi | https://www.walmart.com/seller/101087249 |
| 97 | Jahyshow Technology Co., Ltd | https://www.walmart.com/seller/101125987 |
| 101 | Kaiyu Co. , Ltd | https://www.walmart.com/seller/101586290 |
| 103 | LAWOR Co.Ltd | https://www.walmart.com/seller/101127586 |
| 110 | CUTICATE | https://www.walmart.com/seller/101175507 |
| 114 | DOSTH.AMAZING | https://www.walmart.com/seller/101282984 |
| 119 | Huanyou Co. Ltd | https://www.walmart.com/seller/101130950 |
| 128 | Enjoymoment | https://www.walmart.com/seller/101564275 |
| 135 | EIMELI TECHNOLOGY LLC | https://www.walmart.com/seller/101035130 |
| 138 | Balight Direct | https://www.walmart.com/seller/101071689 |
| 142 | Joybuy Marketplace | https://www.walmart.com/seller/18988 |
| 143 | Joybuy Marketplace (Fashion) | https://www.walmart.com/seller/101118004 |
| 146 | Carolina Designer Dragons, Inc. | https://www.walmart.com/seller/101015058 |
| 147 | AlfaBet | https://www.walmart.com/seller/2506 |
| 148 | RSR Electronics Inc. | https://www.walmart.com/seller/594 |
| 149 | Vaaalo Supply LLC | https://www.walmart.com/seller/101325993 |
| 152 | WANGO | https://www.walmart.com/seller/101007388 |
| 153 | Platinum Products LLC | https://www.walmart.com/seller/14769 |
| 154 | Art Cove Crafts | https://www.walmart.com/seller/10671 |
| 155 | Honsity Beautiful Development Co Ltd | https://www.walmart.com/seller/101079859 |
| 158 | 1Campbell | https://www.walmart.com/seller/101449841 |
| 161 | Joybuy Marketplace(Express) | https://www.walmart.com/seller/16214 |
| 164 | Joybuy Marketplace(Selection) | https://www.walmart.com/seller/101087374 |
| 165 | Joybuy Marketplace(U.S) | https://www.walmart.com/seller/101001636 |
| 167 | X-T | https://www.walmart.com/seller/101004317 |
| 169 | LavoHome | https://www.walmart.com/seller/3001 |
| 170 | Surpdew Decoration Shop | https://www.walmart.com/seller/101186699 |
| 172 | SPRAYLINE TRANSPORT INC | https://www.walmart.com/seller/101080107 |