# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LIANGSWORD LIMITED, | ) |
| Plaintiff, | ) Case No. 24-cv-60618 |
| v. | ) Judge Raag Singhal |
| The Partnerships, Unincorporated Associations Identified on Schedule A, | ) Mag. Judge Jared M. Strauss |
| Defendants. | ) |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT (D.E. 68)**

Defendants No. 17 (Ailytec Inc), 87 (kingque Co.ltd), 119 (Huanyou Co. Ltd), (166 (Zuk Vape LLC), 137 (Orchip (a.k.a Orchid Trade Inc), 139 (EVER BESTSALES LLC) ("Defendants" hereinafter), by and through the undersigned counsel, hereby move this Court to reconsider its Order (D.E. 79) denying[1] Defendants' Unopposed Motion for Extension of Time to Respond to the Complaint (D.E. 78) and permit Defendants a 30-day extension of time to respond to the Complaint (D.E. 1). In support thereof, Defendants state:

1. On April 16, 2024, Plaintiff filed its Complaint. (D.E. 1).

2. On May 23, 2024, Plaintiff reported Return of Service. (D.E. 33, 36).

3. The deadline for Defendants to answer or respond on this matter was Wednesday June 12, 2024. (D.E. 34).

---

[1] This Court did not specify whether its denial was with prejudice or without prejudice to address this Court's concerns. (D.E. 79). To error on the side of caution, the Court's Order is treated with prejudice.

1

4. On June 17, 2024, Defendants filed their Motion for Extension of Time to Respond to the Complaint (D.E. 78). On that same day, this Court denied Defendants' Unopposed Motion for Extension of Time to Respond to the Complaint. (D.E. 79). Specifically, this Court cited three grounds for the denial. *Id.* First, this Court required Plaintiff's counsel of record to have conferred under Local Rule 7.1(a)(3). *Id.* Second, this Court required a factual basis for the untimely motion. *Id.* Third, this Court noted that two of the Defendants had been subject to a Clerk's Entry of Default under Fed.R.Civ.P. 55(a).[2] *Id.*

5. Defendant respectfully responds to address this Court's concerns herein and requests for this Court to reconsider its denial and permit Defendants an extension of thirty days, or through July 12, 2024, to respond to the Complaint.

6. Pursuant to Local Rule 7.1(a)(3), the undersigned has conferred with Plaintiff's counsels, Andrew Palmer <u>and</u> Robin Cheng[3], who advised that Plaintiff continues to have no opposition to Defendants' requested extension of thirty days.

## **MEMORANDUM OF LAW**

This memorandum will begin by discussing why this Court should reconsider its denial of Defendants' Motion for Extension of Time to respond to the Complaint. Notably, that excusable neglect is present under the circumstances that the untimely filing was three days after the deadline, the undersigned had been traveling for purposes of providing respite care, and that the Plaintiff did not oppose the relief. Next, the memorandum will discuss the substantive relief sought, and why a thirty day extension to respond to the Complaint is reasonable under the

---

[2] This third basis will be addressed in the near-in-time filing of Defendants' No. 87 (kingqu Coltd) and No. 119 (Huanyou CoLtd) Unopposed Motion to Vacate Clerk's Entry of Default Under Fed.R.Civ.P. 55(a).
[3] Plaintiff's counsel of record is Andrew Palmer with Palmer Law Group. Robin Cheng is an associate attorney with Palmer Law Group but not an attorney of record.

2

circumstances. In conclusion, this memorandum will explain why this Court should reconsider its denial of Defendants' Motion for Extension of Time and permit Defendants thirty days, or through July 12, 2024, to respond to the Complaint.

Generally, three grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.,* 62 F.Supp.2d 1316, 1331 (M.D.Fla.1999)). In consideration of these grounds, courts have found that the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Z.K. Marine Inc. v. M/ v. Archigetis,* 808 F.Supp. 1561, 1563 (S.D.Fla.1992). As a result, courts have interpreted the grounds to permit reconsideration where excusable neglect is found. *Pineda v. American Plastics Technologies, Inc.*, Case No. 12–21145–CIV (S.D.FLa. May 15, 2024)(J. Torres), 2014 WL 1946686. The Supreme Court has held that 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.' " *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Limited Partnership,* 507 U.S. 380, 394, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

In the instant case, the following circumstances surrounded the untimely filing of Defendants' Motion to Dismiss. On Thursday, June 13 and Friday, 14, 2024, the undersigned took leave to travel with her child to her disabled father's for the purpose of providing respite care. During that time, the undersigned had limited access to emails and her calendar. On Monday, June 17, 2024, the undersigned returned to her regular work schedule, recognized that the Motion for Extension had not been filed, and promptly filed Defendants' Unopposed Motion for Extension of Time to Respond to the Complaint (D.E. 78). The undersigned filed as soon as

3

she noticed that the deadline had lapsed, and Plaintiff suffered no prejudice as a result of the untimely filing. Indeed, Plaintiff had agreed to the extension before the deadline of June 12, 2024. Defendants respectfully submit that the delay of their Motion for Extension of Time constitutes excusable neglect where Defendants filed their Motion for Extension of Time on the third business day past the expiration of time and Plaintiff had not opposed the extension of time. Defendants respectfully submit that it would be manifest injustice for the Defendants to not be able to litigate their case and resolve their case on the merits as a result of the short delay in filing the Motion for Extension of Time under these circumstances.

Next, this Court should consider that the substantive relief sought is reasonable. Pursuant to Fed.R.Civ.P. 12(a)(1), a defendant must serve an answer within 21 days after being served with the summons and complaint. Pursuant to Fed.R.Civ.P. 6(b)(1), a district court may extend the time for a defendant to respond to the answer upon a motion made after the time has expired if the party failed to act because of excusable neglect. In determining whether to grant a motion to extend deadlines under Rule 6(b)(1)(B), a district court must consider: the danger of prejudice to the opposing party; the length of delay and its potential impact on the judicial proceedings; the reason for the delay, including whether it was within the reasonable control of the movant; and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Rance v. Rock Solid Granit USA, Inc.*, No. 08-21639-CIV, 2011 WL 906643, at *1 (S.D. Fla. 2011).

In the instant case, Defendants respectfully submit that their substantive request to extend the time to respond to the Complaint (D.E. 1) is reasonable. The thirty-day extension is the Defendants' only request for an extension of time and is not an unreasonable amount of time. Also, it will not prejudice the Plaintiff. Significantly, Plaintiff has not opposed the request. In

4

addition, time for the parties to work together for a joint resolution will be in the interest of judicial efficiency and cost-saving for all the parties. This time may be used for investigation, settlement discussions, and also to flush out the relevant issues. The thirty days will not impact any judicial proceedings, as this Court has not set a trial date yet in this case and other Defendants have been permitted an extension of time to respond to the Complaint.

In conclusion, circumstances exist for this Court to find excusable neglect and permit reconsideration of Defendants' Motion for Extension of Time. Furthermore, Defendants request an extension of 30 days until July 12, 2024, to answer or respond to the Complaint, is reasonable and should be granted by this Court.

**WHEREFORE**, Defendants respectfully request that the Court reconsider its denial of Defendants' Motion for Extension of Time (D.E. 79) and extend the time for Defendants to respond to the Complaint through and including July 12, 2024, and such further relief as the Court deems just and proper.

Respectfully submitted this 18th day of June, 2024.

/s/ *Lydia Pittaway*
Bar No. 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York, NY 10007
Telephone: 212-500-3268
Email: lpittaway@fordbanister.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send an electronic notice of filing to all parties of record.

/s/ *Lydia Pittaway*
Florida Bar No.: 0044790

5