## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 0:24-cv-60618-AHS

LIANGSWORD LIMITED,

        Plaintiff,

v.

The Partnerships, Unincorporated Associations Identified
on Schedule A,

        Defendants.

_____ /

### PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGEMENT AS TO CERTAIN DEFENDANTS AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rules 55(a), 55(b) and 58(d) of the Federal Rules of Civil Procedure, Plaintiff LIANGSWORD LIMITED ("Plaintiff"), by and through its undersigned counsel, respectfully moves the Court for an entry of default and/or entry of final judgment against certain Defendants identified on Schedule "A" to the Complaint, Defendants Nos. 8, 12, 13, 25, 26, 41, 47, 50, 52, 56, 60, 61, 62, 65, 70, 71, 72, 73, 76, 83, 97, 101, 114, 142, 143, 147, 149, 152, 158, 161, 164, 165, 169 (33 defendants, collectively "Defaulting Defendants")[1].

Because there are no allegations of joint liability or possibility of inconsistent liability between Defaulting Defendants as discussed herein, Plaintiff now moves for entry of a final default judgment against Defaulting Defendants.

### MEMORANDUM OF LAW

---

[1] Defendants who have been dismissed, granted an extension, or moved to set aside Clerk's entry of default [DE 77] are excluded from the Schedule A of Defaulting Defendants, attached hereto.

## INTRODUCTION

Pursuant to the Federal Rule of Civil Procedure 55(a), 55(b) and 58(d), Plaintiff respectfully submits this Motion for Final Default Judgment against Defaulting Defendants.

Plaintiff filed its Complaint against Defendants for infringement on the FACEGA trademark on April 16, 2024. [DE 1]. The Complaint alleges that Defendants created numerous e-commerce stores that are advertising, offering for sale, and selling infringing and counterfeit FACEGA products to unknowing consumers. *Id*, at ¶2.

The time allowed for Defaulting Defendants to respond to the Complaint has expired. [DE 76]. All Defaulting Defendants are currently in default and have not filed a motion to set aside default or otherwise been granted an extension of time to respond, nor have they served or filed an Answer or other response. *See* Decl. of Palmer, at ¶¶ 10-11, attached hereto as **Exhibit 1**. The prerequisites for a default judgment have been met. Plaintiffs therefore seek default judgment finding Defaulting Defendants liable for trademark infringement.

## STATEMENT OF FACTS

### Plaintiff's Rights

Plaintiff is the owner of all rights, title and interest in the FACEGA mark, U.S. Trademark Registration No. 6,477,441. *See* DE 1-1. The registration is valid, subsisting, unrevoked, unchallenged and uncancelled. DE 1, at ¶8. The registration for the FACEGA mark constitutes *prima facie* evidence of validity and of Plaintiff's exclusive right to use the FACEGA mark pursuant to 15 U.S.C. §1057(b). *Id*.

Plaintiff has marketed and sold various hand & garden tools, kitchen utensils, and personal care tools in Class 8 under the FACEGA mark, through third-party e-commerce platforms, such as Walmart.com. *Id*, at ¶9. The FACEGA mark has been widely promoted, both in the United

States and throughout the world. Sales and revenue derived from merchandise sold under the FACEGA mark have been significant. *Id*. Genuine products bearing the FACEGA mark are distributed through authorized e-commerce merchants over third-party platforms. *Id*, at ¶10.

Plaintiff's FACEGA mark is a symbol of Plaintiff's quality, reputation, and goodwill. *Id*, at ¶11. Plaintiff has expended substantial time, money and other resources in developing, advertising and promoting the FACEGA mark. Defendants have never been authorized to use the FACEGA mark. *Id*.

**Defendants' Infringing Acts**

As alleged by Plaintiff, established by the evidence presented herein and admitted by default, Defaulting Defendants own, operate, or control the interactive, commercial Internet websites and supporting domains operating under the domain names identified on Schedule "A." Thus, Defaulting Defendants are the active, conscious, and dominant forces behind the promotion, advertisement, distribution, offering for sale, and/or sale of goods bearing and/or using the FACEGA mark. *See* DE 1, at ¶¶ 24-25; DE 15, at ¶¶12-15.

Further, as admitted by Defaulting Defendants through default, at all times relevant, Defaulting Defendants have had knowledge of Plaintiff's ownership of the FACEGA mark, including its exclusive right to use and license the FACEGA mark and the goodwill associated the trademark. *See* DE 1, at ¶¶ 24-25; DE 15, at ¶¶20-23.

Defaulting Defendants do not have, nor have they ever had, the right or authority to use the FACEGA mark. *See* DE 15, at ¶¶13-14. Nonetheless, Defaulting Defendants engaged in the activity of advertising, offering for sale, selling, and distributing their goods bearing and/or using the FACEGA mark via their Internet websites operating under their Seller Aliases. *Id*, at ¶¶16-18.

The evidence gathered by the Plaintiff through its investigation clearly shows that Defaulting Defendants are engaged in the fraudulent promotion, advertisement, distribution, offering for sale, and sale of goods that either bear or use counterfeits and/or infringements of the FACEGA mark. *See* DE 15-2 to 15-4. Mr. Du personally conducted a review and visual examination of Defaulting Defendants' websites, including captures of web pages displaying various products at retail stores that utilize the FACEGA mark on e-commerce stores operated under the Seller Aliases. DE 15, at ¶12. His investigation led him to conclude that the operations of Defendants' e-commerce stores involve unauthorized versions of FACEGA products. *Id*.

## PROCEDURAL HISTORY

On April 16, 2024, Plaintiff filed its Complaint to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's FACEGA trademark, U.S. Trademark Registration No. 6,477,441. *See* DE 1, at ¶1.

On April 30, 2024, to facilitate the investigation of its claims and the identity and location of Defendants, Plaintiff moved for an order permitting expedited third-party discovery. [DE 21]. The Court granted Plaintiff's motion on May 14, 2024. [DE 26].

On May 14, 2024, the Court also granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO") [DE 24].

On May 22, 2024, Plaintiff served all Defendants the Complaint, the TRO Motion, the TRO Order, and the Summons via the email addresses provided by third-party platforms, along with the website link https://cloud.palmerlawgroup.com/index.php/s/GWnlDkdzFIyl23M, posting all relevant documents.

On May 20, 2024, Plaintiff filed its Motion for Entry of a Preliminary Injunction. [DE 27]. On May 23, 2024, Plaintiff served all Defendants with the preliminary injunction motion, the corresponding Court Order for setting the hearing [DE 32] by e-mail and via the website link posting the Order [DE 32] https://cloud.palmerlawgroup.com/index.php/s/GWnlDkdzFIyl23M.

On June 10, 2024, the Court granted the preliminary injunction motion against certain defendants, including all Defaulting Defendants.

The time allowed for Defendants to respond to the Complaint has expired. *See* Decl. of Palmer, Ex. 1, at ¶10. All Defaulting Defendants are currently in default. *Id*, at ¶11. They have not been granted any extension of time to respond, nor have they served or filed an Answer or other response. *Id*. To Plaintiff's knowledge, none of Defaulting Defendants are infants or incompetent persons, and upon information and belief, the Servicemembers Civil Relief Act does not apply. *Id*, at ¶12.

## ARGUMENT

### A.  Default Judgment Should be Entered Against Defaulting Defendants

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a) – (b) and 28 U.S.C. § 1331. DE 1, at ¶ 4. This Court has personal jurisdiction over Defendants and venue is proper under 28 U.S.C. § 1391, as Defendants have directed their infringing activities toward consumers within this district through the use of interactive, commercial e-commerce websites and supporting operating under their Seller Aliases. DE 1, at ¶¶ 5,6.

#### 1.  Default Judgment is Proper

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint because

a "defendant, by his default, admits the Plaintiff's well-pleaded allegations of fact, is concluded

on those facts by the judgment, and is barred from contesting on appeal the facts thus established".

*See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc*., 561 F. 3d 1298, 1307 (11th Cir. 2009)

(quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975));

*see also See PetMed Express, Inc. v. Medpets.com*, 336 F. Supp. 2d 1213, 1217 (S.D.Fla. 2004)

(citing *Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987)). Therefore, Defaulting Defendants

are deemed to have admitted all of Plaintiff's sufficiently pled allegations in the Complaint.

In the present case, the Complaint [DE 1], along with the Declaration of Du [DE 15] and

the Declaration of Palmer, attached hereto as Exhibit 1, clearly support that default judgment

should be entered against Defaulting Defendants pursuant to Fed. R. Civ. P. 55.

2.  Factual Allegations Establish Defaulting Defendants' Liability

Count One of the Complaint alleges that Defaulting Defendants infringed on Plaintiff's

federally registered trademark in violation of 15 U.S.C. § 1114. The statutory provides liability for

trademark infringement if, without the consent of the registrant, a defendant uses "in commerce

any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to

cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(A).

Courts have interpreted this language to require that a plaintiff demonstrate a successful

trademark infringement claim under Section 32 of the Lanham Act by establishing that: (1) a

plaintiff had prior rights to the trademarks at issue, and (2) the defendants adopted a mark or name

that was the same, or confusingly similar to the plaintiff's mark, such that consumers were likely

to confuse the two. *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir.

2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360

(11th Cir. 1997)).

Count Two of the Complaint alleges that Defaulting Defendants violated Section 43(a) of the Lanham Act for false designation of origin. The statutory language provides that Plaintiff must prove that Defaulting Defendants used Plaintiff's Mark "in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, which is likely to deceive as to the affiliation, connection, or association" of Defaulting Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defaulting Defendants' goods by Plaintiff. 15 U.S.C. § 1125(a)(1). As with trademark infringement claims, the test for liability for false designation of origin under Section 43(a) is "whether the public is likely to be deceived or confused by the similarity of the marks at issue." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780, 112 S. Ct. 2753, 2763 (1992).

The facts detailed in the Complaint [DE 1], specifically through Paragraphs 7-25, adequately set forth the elements required for each of the causes of action. Furthermore, the supporting Declarations of Du [DE 15] and Palmer [DE 16], along with the infringing evidence attached as exhibits to the Declaration [DE 15-2 to 15-4], substantiate the factual allegations. This allows the Court to conclude that Defaulting Defendants are liable for trademark infringement and false designation of origin as alleged. Therefore, Default Judgment should be entered against Defaulting Defendants pursuant to Fed. R. Civ. P. 55.

**B.** **<u>Plaintiff is Entitled to Relief</u>**

*1. <u>Entry of a Permanent Injunction is Appropriate</u>*

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for

the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)).

Even in a default judgment setting, the equitable relief of a permanent injunction is available. *See, e.g., PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23. Defaulting Defendants' failure to respond or otherwise appear in this action makes it difficult, or impossible, for Plaintiff to mitigate or prevent future harm without this Court's entry of a permanent injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief."). Pursuant to 35 U.S.C. § 283, this Court should permanently enjoin Defaulting Defendants from continuing to infringe on the FACEGA mark.

Permanent injunctive relief is appropriate where a plaintiff demonstrates (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006). By virtue of this Court's entry of an order granting Plaintiff's Motion for Entry of Temporary Restraining Order [DE 24] and Motion for Entry of a Preliminary injunction Order [DE 67], Plaintiff has met its burden as to each of the four factors in the test for permanent injunctive relief.

In the present case, Plaintiffs have met their burden on each of the four factors, rendering permanent injunctive relief appropriate.

***First***, the irreparable harm to Plaintiff is evident. When a plaintiff makes a prima facie showing of either trademark or copyright infringement, irreparable harm is ordinarily presumed.

*See Original Appalachian Artworks v. Topps Chewing Gum*, 642 F.Supp. 1031, 1040 (N.D.Ga., J. G. Ernest Tidwell, 1986). In addition, "a sufficiently strong showing of likelihood of confusion ... may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).

In this case, the FACEGA Mark, registered with the USPTO, is inherently distinctive and strong. *See* DE 1-1. By advertising identical or similar products on Walmart.com, the same e-commerce platform that the Plaintiff uses for sales of genuine FACEGA products, Defendants directly target the same customer base and significantly raising the potential for consumer confusion. DE 15, at ¶¶10-15, 23. This deliberate targeting in sales and advertising demonstrates a calculated attempt to exploit the Plaintiff's reputation and to cause consumer confusion.

**Second**, the evidence presented by Plaintiff, including the Declaration of Du and various exhibits, confirms that Defaulting Defendants have used the FACEGA mark on their e-commerce platforms without Plaintiff's permission. *See Id*, at ¶¶ 11-14.  This unauthorized use has made it impossible for Plaintiff to control the quality and reputation of FACEGA-branded products, satisfying the requirement that there is no adequate legal remedy. *Id*, at ¶¶ 20, 22.

**Third**, the balance of hardships decidedly favors the issuance of an injunction. The continuation of Defaulting Defendants' infringing actions would perpetuate harm to Plaintiff, whereas enjoining Defaulting Defendants from such conduct imposes no legitimate hardship on them, as it merely prohibits Defendants' unlawful activities.

**Fourth**, finally, the public interest strongly supports the issuance of a permanent injunction. Such an order would prevent further harm to the Plaintiff and the goodwill of the FACEGA mark; and protect consumers from being deceived or misled by Defaulting Defendants' unauthorized use. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016)

("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior." (alteration added) (citation omitted)); *BellSouth Adver. & and Publ'g. Corp. v. Real Color Pages, Inc.*, 792 F. Supp. 775, 785 (M.D. Fla. 1991) (holding "[i]n a trademark infringement or unfair competition case, a third party, the consuming public is present and its interests are paramount.").

The public interest is particularly compelling in this case because Defaulting Defendants are offering to sell, advertising and marketing to a vast global market via e-commerce platforms. *See Monster Energy Company v. Jing, et al.*, Case No. 2015-cv-00277 at * 7 (N.D. Ill. July 6, 2015) ("The internet platform defendants used, AliExpress.com, is a busy website that provides the potential to reach a vast customer base."); *Luxottica Group S.p.A. v. Hao Li, et al.*, Case No. 16-cv-00487 at *16 (N.D. Ill., J. Manish Shah, Feb. 15, 2017) ("But even putting aside any evidence of defendant selling multiple products through multiple online sales platforms, defendant can reach a worldwide customer base on eBay alone.").

This Court's powers of equity are sufficiently broad to enter a permanent injunction and prevent the Defaulting Defendants from being free to continue or resume their infringing activities. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. Of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for. . . the essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case."); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

2.   _Damages as to Count I for Trademark Counterfeit and Infringing_

Congress enacted a statutory damages remedy in trademark counterfeiting cases for the purpose of strengthening "the hand of businesses harmed by counterfeiters by updating existing statutes and providing stronger civil penalties against counterfeiters, including civil fines tied to the value of genuine goods and statutory damage awards of up to $1,000,000 per mark." S. REP. NO. 104-177, pt. I (1995). This bill permitted statutory damages because evidence of a defendant's profits in these cases is almost impossible to ascertain. *See, e.g.*, S. REP. NO. 104-177, pt. V(7) (1995). In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark, per type of good. 15 U.S.C. § 1117(c)(1). If the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark, per type of good. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff elects to recover an award of statutory damages as to Count I of the Complaint.

District courts have a wide discretion to set an amount of statutory damages. *PetMed Express, Inc*., 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc*., 902 F.2d 829, 852 (11th Cir. 1990). Therefore, even where a plaintiff may not be able to provide actual damages as a result of a defendant's infringement, an award of statutory damages is an appropriate remedy. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent."); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure").

11

Statutory damages are essential not only when a trademark's goodwill continues to suffer but also when plaintiffs cannot access crucial sales data. This is particularly true in cases where discovery is unavailable and information on the defendants' sales and profits remains elusive. Defendants who default by failing to appear or respond to litigation should not be allowed to escape liability simply because they may be avoiding or showing contempt for the judicial process. This makes the application of statutory damages especially pertinent.

In the instant case, Mr. Du detailed his investigation into how Defendants have infringed on Plaintiff's trademark by offering for sale, marketing, and advertising FACEGA products at reduced prices. *See* DE 15, at ¶¶ 10-16; DE 15-2 to 15-4. Furthermore, Mr. Du explains why and how the future and ongoing damage to FACEGA is immeasurable. *See* DE 15, at ¶¶ 20-24. The damage to FACEGA remains ongoing after the instant suit is closed because "counterfeiters take away Plaintiff's ability to control the nature and quality of the FACEGA products." *Id*, at ¶22. "Loss of quality control over goods offered for sale or sold under the FACEGA mark and, in turn, loss of control over the brand reputation, is neither calculable nor compensable." *Id*.  Thus, Plaintiff has established that Defaulting Defendants have caused immeasurable damages to FACEGA as a result of the erosion to FACEGA's goodwill.

"In its broad discretion for determining statutory damages, the district court should consider both the willfulness of the defendant's conduct and the deterrent value of the sanction imposed." *Cable/Home Communication Corp. v. Network Productions, Inc*., 902 F.2d 829, 852 (11th Cir. 1990). A defendant is deemed to have acted willfully where "the infringer acted with actual knowledge or reckless disregard" to a plaintiff's intellectual property rights. *See Arista Records, Inc. v. Beker Enter., Inc*., 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003). Willfulness may also be inferred from the defendant's default. *See PetMed Express, Inc*., 336 F. Supp. 2d at 1217

(upon default, well plead allegations taken as true). In either case, a defendant is deemed to have the requisite knowledge that its acts constitute an infringement.

In the instant case, Plaintiff has established that the FACEGA mark, a well-recognized trademark for various hand & garden tools, kitchen utensils, and personal care tools, is sold on the e-commerce site Walmart.com. DE 15, at ¶7. As evidenced by the materials reviewed by Mr. Du and submitted to this Court, Defaulting Defendants also selected Walmart.com to market, advertise, and sell items branded as "FACEGA" without Plaintiff's permission. *Id*, at ¶¶10, 13, 14. Mr. Du has determined that Defendants were not authorized to sell under Plaintiff's mark due to the absence of any licensing agreement with Defaulting Defendants, and because the listings did not suggest the products were engaged in reselling FACEGA products. *Id*.

Defaulting Defendants, aware of the FACEGA mark, deliberately chose the same e-commerce platform and offered similar products at significantly reduced prices. [DE 15, at ¶¶10,12]. This strategic choice likely aimed to confuse consumers and induce them to purchase their inferior counterfeit goods, capitalizing on the goodwill and customer base that Plaintiff has diligently developed. *Id*, at ¶23. Given these actions, willfulness can be inferred. The long-term damage to the FACEGA mark's goodwill is incalculable. Plaintiff respectfully requests that this Court consider these factors in its assessment.

Plaintiff respectfully requests for this Court to award the statutory award of damages in the amount of $200,000 per mark per type of goods against each Defaulting Defendant. Plaintiffs in prior cases with similar circumstances have been awarded the statutory award of damages of $200,000. *See Shenzhen Aifasite Electronic Commerce Co., Ltd. v. The Partnership*, Case No.: 0:23-cv-61018 (S.D.Fla., Roy Altman, Nov. 20, 2023)*; Shenzhen Dejiayun Network Technology Co. Ltd. v. The Partnerships*, Case No.: 1:22-cv-02846 (N.D.Ill., Ronald A. Guzman, Aug. 3,

2022); *Shenzhen Dejiayun Network Technoogy Co. Ltd. v. The Partnerships*, Case No.: 1:21-cv-04249 (N.D.Ill., J. Sharon Johnson Coleman, Nov. 16, 2021).

The requested award of $200,000 per mark per type of goods in statutory damages against each Defaulting Defendant is both justified and within the statutory limits, aimed at fully compensating the Plaintiff for lost sales and diminished goodwill associated with the FACEGA brand. Furthermore, this amount is critical in covering the substantial costs incurred in the investigation and legal action against the counterfeiting activities. Such an award not only addresses the financial impact on the Plaintiff but also serves as a strong deterrent against future infringing activities by Defaulting Defendants or others, in line with the objectives set forth under 15 U.S.C. § 1117(c). *See* Joint Statement of Trademark Counterfeiting Legislation, H.R.J. Res. 648, 98th Cong., 2nd Sess., 130 Cong.Rec. H12076, H12083; *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1222 ("statutory damages under § 1117(c) are intended not just for compensation for losses, but also to punish and deter wrongful conduct.").

    *3.   Plaintiff's Damages as to Count II for False Designation of Origin*

The Plaintiff's Complaint asserts a cause of action for false designation of origin under §43(a) of the Lanham Act (15 U.S.C. §1125(a)). Consequently, the scope of monetary damages applicable to this case is governed by 15 U.S.C. §1117(c), which outlines the provisions for calculating statutory damages in such instances.

    *4.   Plaintiff's Damages as to Count III and IV State Law Claims*

Plaintiff's Complaint also articulates causes of action for unfair competition and common law trademark infringement. Under Florida law, damages in these cases are determined based on the actual harm suffered and any unjust enrichment gained by the defendant.

Florida law allows for recovery of damages that include actual losses due to confusion or deception, and possibly the profits that the defendant wrongfully obtained from the use of the infringing mark. Additionally, Florida law allows courts to award injunctive relief to prevent further infringement and, in cases where the infringement is found to be willful, punitive damages may also be considered to deter future misconduct.

## CONCLUSION

Plaintiff has demonstrated grounds for entry of final default judgment and a permanent injunction against Defaulting Defendants. Should this Court grant the instant motion, Plaintiff respectfully requests for this Court to not order the case to be closed at this time, as other Defendants remain active.

WHEREFORE, Plaintiff respectfully requests for this Court to enter final default judgment and a permanent injunction against Defaulting Defendants, identified in Schedule A as Nos. 8, 12, 13, 25, 26, 41, 47, 50, 52, 56, 60, 61, 62, 65, 70, 71, 72, 73, 76, 83, 97, 101, 114, 142, 143, 147, 149, 152, 158, 161, 164, 165, 169 (33 defendants) consistent with the proposed orders on Plaintiff's Motion for Final Default Judgment and Permanent Injunction submitted herewith.

June 25, 2024.                              Respectfully submitted,

                                            /s/ Andrew J. Palmer
                                            Andrew J. Palmer
                                            Palmer Law Group, P.A.
                                            5353 N. Federal Highway, Suite 402
                                            Fort Lauderdale, FL 33308
                                            Phone: 954-771-7050
                                            ajpalmer@palmerlawgroup.com
                                            *Attorney for Plaintiff*

**Schedule A – Defaulting Defendants for Default Judgment (33 Defendants)**

| # | Seller Aliases | Defendants' Walmart Store URLs |
|---|---|---|
| 8 | SFN Co.Ltd | https://www.walmart.com/seller/101210300 |
| 12 | kurtrussel | https://www.walmart.com/seller/101136211 |
| 13 | Aijeru Co. ltd | https://www.walmart.com/seller/101198726 |
| 25 | Yellow Tong | https://www.walmart.com/seller/101530456 |
| 26 | Steady Clothing | https://www.walmart.com/seller/101533003 |
| 41 | CZ TRADE Co.Ltd | https://www.walmart.com/seller/101268835 |
| 47 | Maoxinze Official | https://www.walmart.com/seller/101345355 |
| 50 | LZ.Co. , Ltd. | https://www.walmart.com/seller/101491353 |
| 52 | Guangzhou youqihui co., ltd | https://www.walmart.com/seller/101518142 |
| 56 | GuangXi ZhiZhong Co., Ltd. | https://www.walmart.com/seller/101572315 |
| 60 | galvanic | https://www.walmart.com/seller/101598238 |
| 61 | TXTOUTLET | https://www.walmart.com/seller/101620293 |
| 62 | CBLLC | https://www.walmart.com/seller/101611893 |
| 65 | HAOSHUANG | https://www.walmart.com/seller/101584218 |
| 70 | Xinyooa | https://www.walmart.com/seller/101575575 |
| 71 | Yubatuo | https://www.walmart.com/seller/101544307 |
| 72 | OOPQT.LTD | https://www.walmart.com/seller/101538111 |
| 73 | Rich Year | https://www.walmart.com/seller/101532995 |
| 76 | Sufanic | https://www.walmart.com/seller/101138308 |
| 83 | Kiskurassly Co. ltd | https://www.walmart.com/seller/101199085 |
| 97 | Jahyshow Technology Co., Ltd | https://www.walmart.com/seller/101125987 |
| 101 | Kaiyu Co. , Ltd | https://www.walmart.com/seller/101586290 |
| 114 | DOSTH.AMAZING | https://www.walmart.com/seller/101282984 |
| 142 | Joybuy Marketplace | https://www.walmart.com/seller/18988 |
| 143 | Joybuy Marketplace (Fashion) | https://www.walmart.com/seller/101118004 |
| 147 | AlfaBet | https://www.walmart.com/seller/2506 |
| 149 | Vaaalo Supply LLC | https://www.walmart.com/seller/101325993 |
| 152 | WANGO | https://www.walmart.com/seller/101007388 |
| 158 | 1Campbell | https://www.walmart.com/seller/101449841 |
| 161 | Joybuy Marketplace(Express) | https://www.walmart.com/seller/16214 |
| 164 | Joybuy Marketplace(Selection) | https://www.walmart.com/seller/101087374 |
| 165 | Joybuy Marketplace(U.S) | https://www.walmart.com/seller/101001636 |
| 169 | LavoHome | https://www.walmart.com/seller/3001 |