UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-60618-AHS

LIANGSWORD LIMITED,

                Plaintiff,

v.

The Partnerships, Unincorporated Associations Identified on Schedule A,

                Defendants.

_____/

**PLAINTIFF'S MOTION TO DISMISS WANG DEFENDANTS'
COUNTERCLAIMS II, III AND IV PURSUANT TO RULE 12(b)(6)**

Plaintiff LIANGSWORD LIMITED and Counterclaim Defendant Yongkang Du, by and through counsel, file this Motion to Dismiss Wang Defendants' Counterclaims II, III, and IV [DE 100] pursuant to Rule 12(b)(6), and states as follows.

**I.    INTRODUCTION**

Wang Defendants' Counterclaims rest on their misrepresentation of the operational rules of online marketplaces, particularly Walmart.com. Specifically, Wang Defendants alleged that Liangsword limited engaged in manipulative practices and "*maliciously using Walmart.com's flawed system to change Counterclaim Plaintiffs' listings, without Counterclaim Plaintiffs' consent, to add the word "FACEGA" in Counterclaim Plaintiffs' listings*." [DE 100, Counterclaim II, p. 13].

However, Walmart's system is not flawed; Wang Defendants do not "own" the product listings, hence their consent is not required for changes to these product listings. In fact, the changes were reviewed and approved by Walmart, a fact well known to the Wang Defendants.

These false accusations not only lack substantive support but also overlook the rigorous review and approval processes implemented by Walmart.com. Wang Defendants are attempting to divert attention from their knowing and willful infringement by leveling unfounded and misleading allegations and counterclaims against Plaintiff, which all failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

*__First__*, Counterclaim II alleging fraudulent trademark registration by Liangsword Limited fails to establish a connection between, Liangsword Limited, the current ownership of the FACEGA trademark and any fraudulent activities purported at the time of registration. Merely owning a trademark does not impose retroactive liability for potential fraudulent actions carried out by the original trademark applicant. Therefore, in the absence of Liangsword Limited's involvement in the alleged fraudulent application, this counterclaim should be dismissed.

*__Second__*, Counterclaim III, which accuses Liangsword Limited and Yongkang Du of committing fraud on the court, does not meet the stringent criteria necessary for such a serious allegation. It lacks the "most egregious forms of misconduct" that would disrupt the judicial process, such as bribery of a judge or members of a jury. The counterclaim primarily revolves around administrative actions on an e-commerce platform, which are insufficient to constitute judicial fraud. Consequently, this counterclaim fails to reach the threshold needed for fraud on the court and should also be dismissed.

*__Third__*, Counterclaim IV asserts a civil conspiracy stemming from the previous allegations in Counterclaims II and III. However, since both underlying counterclaims failed to state a claim, there lacks an actionable basis for a conspiracy. Moreover, the intra-corporate conspiracy doctrine precludes the possibility of conspiracy between Liangsword Limited and its director Yongkang Du, further undermining the validity of this counterclaim.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff." *Dohmen v. Short's Travel Mgmt.*, No. 23-23057, 2024 U.S. Dist. LEXIS 7368, 2024 WL 167375, at *4 (11th Cir. 2024). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Ashcroft v. Iqbal*, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "An allegation of parallel conduct is thus much like a naked assertion … it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Id.* at 557.

## III.     ARGUMENTS

**A.     Counterclaim II – "Fraudulent Trademark Registration" should be dismissed for failure to establish Liangsword Limited's involvement in the fraudulent registration**

The Lanham Act provides in relevant part that: "[a]ny person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or

3

representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof." 15 U.S.C. § 1120.

Pursuant to this provision, "[i]n the trademark context, 'fraud occurs when an ***applicant*** knowingly makes false, material representations of fact in connection with an application for a registered mark'" and the plaintiff is damaged thereby. *See Commodores Ent. Corp. v. McClary*, 879 F.3d 1114, 1140 (11th Cir. 2018) (quoting *Angel Flight of Ga., Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1209 (11th Cir. 2008)); *see also* 15 U.S.C. § 1120.

The allegations within Counterclaim II specifically target the conducts associated with the application process of the FACEGA trademark. But the allegations fail to demonstrate any connection between Liangsword Limited's current ownership of the trademark and the alleged fraudulent activities at the time of the application. Merely owning a trademark does not impose retroactive liability for alleged fraudulent actions carried out by the original trademark applicant. This contrasts with Counterclaim I - Invalidity of Facega Trademark, where Liangsword Limited's ownership subject it to the counterclaim.

Therefore, in the absence of Liangsword Limited's involvement in the alleged fraudulent application, Counterclaim II against Liangsword Limited, under 15 U.S.C. §1120, is unsupported and should be dismissed.

**B.     Counterclaim III – "Fraud on the Court" should be dismissed for failure to meet the heightened Rule 9(b) pleading standard**

Fraud on the court is "a narrow doctrine and constitutes only that species of fraud that defiles, or attempts to defile, the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Hunt v. Nationstar Mortg., LLC*, 779 Fed. Appx. 669, 671 (11th Cir. 2019) (Citing Fed. R. Civ. P. 60(d); *Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985)). "[T]he alleged

4

fraud must go beyond mere discrepancies in the record evidence available at the time judgment was entered. The fraud must have been the kind of fraud that ordinarily could not be discovered, despite diligent inquiry, within one year or even many years." *Kennedy v. Schneider Elec.*, 893 F.3d 414, 420 (7th Cir. 2018).

"It has been held that the strict specificity requirements for pleading fraud under Fed R. Civ. P. 9 apply to fraud on the court claims." *Switzer v. Coan*, 261 F.3d 985, 989 (10th Cir. 2001) (citing *Madonna v. United States*, 878 F.2d 62, 63, 66 (2d Cir. 1989) (applying heightened Rule 9(b) pleading standard to fraud on the court claim.)).

To establish fraud on the court, the fraud must be shown by clear and convincing evidence of: "[t]he most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated. ... Stated differently, the movant must show an 'unconscionable plan or scheme' to improperly influence the court's decision. Fraud between the parties does not constitute fraud on the court, as it does not carry the same threat of public injury." *Gupta v. Walt Disney World Co.*, 482 F. App'x 458, 459 (11th Cir. 2012) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) and citing *S.E.C. v. ESM Group, Inc.*, 835 F.2d 270, 273 (11th Cir. 1988)); *see also Booker v. Dugger*, 825 F.2d 281, 283-84 (11th Cir. 1987)("conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud ....").

Counterclaim III alleges that Liangsword Limited and Yongkang Du committed fraud on the court by using Walmart.com's system to change product listings and fabricate evidence used in trademark infringement claims. These allegations, aside from being false, fail to meet the stringent standards required for proving "fraud on the court" as established by prevailing case law.

***First***, the doctrine of "fraud on the court" is intended to address only the most egregious forms of misconduct that directly corrupt the judicial process itself. The standard set forth requires misconduct such as bribery or the fabrication of evidence involving officers of the court. The actions described in Counterclaim III — even taken as true — do not rise to the level of defiling the court or its officers. Manipulating product listings on a commercial website, without more, does not corrupt the judicial process itself but pertains more to a dispute between the parties.

***Second***, as the licensor, Liangsword Limited and its director Yongkang Du do not partake in the alleged modification of Walmart product listings [DE 119-6]. This approach delegates the management of product listings to authorized sellers, who, with necessary approvals from e-commerce platforms such as Walmart, independently manage their listings. This ensures that any changes, including the addition of trademarks like FACEGA, are made by authorized sellers adhering to the established guidelines and with explicit approval from the e-commerce platforms.

***Third***, even if the allegations within Counterclaim III are taken as true, they fail to establish that the alleged actions of "maliciously using" Walmart system were so concealed that they could not be detected through inquiry during the normal course of discovery, nor do the allegations demonstrate that these actions substantially affected the Court's ability to impartially adjudicate the case.

Therefore, since the alleged actions do not constitute the severe misconduct necessary to disrupt the judicial process, nor are they inherently undetectable through standard discovery, Counterclaim III fails to meet the stringent pleading standards and a dismissal is justified.

**C.     Counterclaim IV – "Civil Conspiracy" should be dismissed for failure of the underlying counterclaims**

Florida law requires a Plaintiff stating a claim for civil conspiracy to allege "(1) an agreement between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful

means, (3) the doing of some overt act in pursuance of the conspiracy, and (4) damage to plaintiff as a result of the acts done under the conspiracy." *Yaques v. Zhenzhen Lin*, 2024 U.S. Dist. LEXIS 98087, *14-15 (S.D. Fla. May 31, 2024) (quoting *JAWHBS, LLC v. Arevalo*, No. 15-CV-24176, 2017 U.S. Dist. LEXIS 55899, 2017 WL 1345141, at *9 (S.D. Fla. Apr. 12, 2017); *Philip Morris USA, Inc. v. Russo*, 175 So. 3d 681, 686 n.9 (Fla. 2015)). "Under Florida law, the causes of action of fraud and civil conspiracy both require scienter." *Id.* (quoting *Banco Latino Int'l v. Gomez Lopez*, 95 F. Supp. 2d 1327, 1336 (S.D. Fla. 2000)).

"Because a civil conspiracy derives from the underlying claim that forms the basis of the conspiracy, a claim that is found not to be actionable cannot serve as the basis for a conspiracy claim." *JAWHBS, LLC*, 2017 WL 1345141, at *9. (citing *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1067 (11th Cir. 2007). Where a civil conspiracy claim is based in fraud, the Plaintiff must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1320 (S.D. Fla. 2014).

In the present case, as previously argued, both the underlying Counterclaims II and III fail to state a claim. Consequently, the derivative Counterclaim IV of civil conspiracy failed with them.

Even if the underlying Counterclaims II or III were considered viable, Counterclaim IV would still fail due to lack of multiplicity.

Counterclaim II is directed at Liangsword Limited, which, as a single legal entity, cannot conspire with itself. The claim of conspiracy requires the involvement of two or more distinct actors, which is not satisfied here. The same applies to Counterclaim I – Trademark Invalidity.

Counterclaim III involves allegations against both Liangsword Limited and Yongkang Du. However, since Yongkang Du is an agent of Liangsword Limited, acting within his capacity as director and general manager, any of his actions are legally attributed to Liangsword Limited.

Under the intra-corporate conspiracy doctrine, "acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. "*McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000).

Therefore, under the intra-corporate conspiracy doctrine, no conspiracy can exist between Liangsword Limited and Du because there is no multiplicity of actors—both are considered a single legal actor.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff Liangsword Limited and Counterclaim Defendant Yongkang Du respectfully request that this Court dismiss Wang Defendants' Counterclaims II, III, and IV.


July 17, 2024                              Respectfully submitted,

                                           /s/ Andrew J. Palmer
                                           Andrew J. Palmer
                                           Palmer Law Group P.A.
                                           5353 N. Federal Highway, Suite 402
                                           Fort Lauderdale, FL 33308
                                           Phone: 954-771-7050
                                           ajpalmer@palmwerlawgroup.com
                                           ***Attorney for Plaintiff***