UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-cv-60618

LIANGSWORD LIMITED,

    Plaintiff,

v.

The Partnerships and Unincorporated
Associations Identified on Schedule "A,"

    Defendants.
_____/

**<u>Defendants' Motion to Dismiss Under Rule 12(b)(2)</u>**

The Defendants listed in the attached Schedule A (collectively the "Jin Store Defendants"), by and through their undersigned counsel, hereby move the court for dismissal under Fed. R. Civ. P. 12(b)(2), and, in support thereof, state as follows:

### I. Introduction

Plaintiff filed its Complaint on April 16, 2024, alleging the following causes of action against, *inter alia*, the Jin Store Defendants: (i) trademark counterfeiting and infringement (15 U.S.C. § 1114), (ii) false designation of origin (15 U.S.C. §1125(a)), (iii) common law unfair competition, and (iv) common law trademark infringement. [D.E. 1]. On April 30, 2024, Plaintiff filed an *ex parte* application for entry of temporary restraining order, including a temporary injunction and a temporary asset restraint, which was granted on May 14, 2024. [D.E. 20, 24]. On May 20, 2024, Plaintiff filed a Motion for Preliminary Injunction, which was granted in part and deferred in part on June 10, 2024 [D.E. 27, 67].

Plaintiff asserts in its Complaint that this Court "may properly exercise personal jurisdiction over [the Jin Store Defendants] since each of the Defendants directly targets business

activities toward consumers in the United States, including Florida, through their fully interactive e-commerce stores operating under the seller aliases ("Seller Aliases") identified in attached Schedule A." [D.E. 1 at ¶ 5]. This representation to the Court is false as it relates to the Jin Store Defendants. Specifically, the Jin Store Defendants never sold a single unit of the allegedly infringing product in the state of Florida. *See* Declaration of Mai Jin ¶ 3. Thus, any assertion that the Jin Store Defendants have sold products bearing Plaintiff's asserted trademark in Florida is legibly false. The Jin Store Defendants have not purposefully availed themselves to the jurisdiction of the State of Florida or this Court's judicial district. Accordingly, the Jin Store Defendants respectfully request that this Court dismiss the Plaintiff's Complaint against the Jin Store Defendants under Rule 12(b)(2) for lack of personal jurisdiction.

## II. Argument

### a. This Court lacks sufficient personal jurisdiction over the Jin Store Defendants.

Plaintiff bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case for jurisdiction. United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). The court may exercise personal jurisdiction over a non-resident defendant only if the exercise of jurisdiction is appropriate under the long-arm statute of the relevant state and under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Internet Sols. Corp. v. Marshall, 557 F.3d 1293, 1995 (11th Cir. 2009).

Constitutional due process requires that this Court determines whether a defendant has sufficient "minimum contacts" with the forum state and if the Court's exercising of jurisdiction over a defendant would "offend traditional notions of fair play and substantial justice." Id. It is "unconstitutional to force a defendant to appear in a distant court unless it has done something that should make it reasonably anticipate being haled into court there." Burger King Corp. v.

Rudzewicz, 471 U.S. 462, 474 (1985). Further, Florida's long-arm statute provides for both general and specific personal jurisdiction. Plaintiff has not factually alleged any sufficient contacts – and none exist – necessary for this Court to exercise either general or specific personal jurisdiction over the Jin Store Defendants. See Fla. Stat. Ann. § 48.193(1)-(2). Accordingly, this Court should dismiss the Plaintiff's Complaint with respect to the Jin Store Defendants under Rule 12(b)(2) for lack of personal jurisdiction. Peruyero v. Airbus S.A.S., 83 F. Supp. 3d 1283, 1285 (S.D. Fla. 2014) ("A court must dismiss an action against a defendant over which it has no personal jurisdiction.").

### b. The Jin Store Defendants are not subject to general jurisdiction in Florida.

General jurisdiction requires a foreign defendant to "have affiliations with the [forum] State [which] are so continuous and systematic as to render [the defendant] essentially at home in the forum State." Daimler AG v. Bauman, 134 S. Ct. 746, 749 (2014). Under Florida's long arm statute, general personal jurisdiction exists when a defendant "is engaged in substantial and not isolated activity within this state . . . whether or not the claim arises from that activity." Fla. State. Ann. § 48.193(2). "The reach of this provision extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment." Fraser v. Smith, 594 F.3d 842, 846 (11th Cir. 2010). Absent exceptional circumstances, a defendant is deemed to be "at home" only in the state where they are incorporated or maintain their principal place of business. See Daimler AG v. Bauman, 571 U.S. 117, 118 (2014). Factors relevant, but not dispositive, to this analysis include: (i) the presence and operation of an office in Florida; (ii) the possession and maintenance of a license to do business in Florida; (iii) the number of Florida clients served; and (iv) the percentage of overall revenue gleaned from Florida Clients. Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162 (11th Cir. 2005).

Applying these factors here, general jurisdiction is manifestly lacking. Plaintiff essentially concedes, and the Jin Store Defendants confirm, that the Jin Store Defendants are foreign (Chinese) proprietors with a principal place of business in China. [D.E. 1 at ¶ 12]; Mai Jin Decl. ¶ 4. The Jin Store Defendants have never owned, leased, or utilized an office in Florida. Main Jin Decl. ¶ 4. The Jin Store Defendants have never advertised, held a telephone listing, or maintained a bank account in Florida, nor have the Jin Store Defendants ever employed any agents, employees, or contractors in Florida. Id. As it specifically relates to the Jin Store Defendants, Plaintiff's Complaint does not allege any facts establishing any pervasive or otherwise constant affiliation with Florida. Accordingly, this Court does not have general personal jurisdiction over the Defendants.

> c. **The Jin Store Defendants are not subject to this Court's specific personal jurisdiction.**

This Court also does not have specific personal jurisdiction over the Defendants, which generally requires that (1) "the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state"; (2) the "plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum"; and (3) "whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1355 (11th Cir. 2013). Plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, a "defendant must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1267 (11th Cir. 2010). Courts cannot find the sufficient minimum contact requirement has been met when a nonresident defendant's contacts are "so 'random,' 'fortuitous,' or 'attenuated' that it

cannot fairly be said that the potential defendant 'should reasonably anticipate being haled into court' in another jurisdiction." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

> i. **The Jin Store Defendants have not purposefully directed any allegedly-infringing activities at Florida or purposefully availed themselves of the privilege of conducting business in Florida**.

Plaintiff alleges that the Jin Store Defendants operate at least one e-commerce store and have sold products utilizing Plaintiff's asserted trademark to residents of Florida. [D.E. 1 at ¶ 14]. Plaintiff's assertion as to the Jin Store Defendants' sales are false and its belief mistaken. In reality, the Jin Store Defendants have never sold a single allegedly infringing product to any resident of the state of Florida. Mai Jin Decl. ¶ 3. These allegations fall short of: (i) demonstrating that the Defendants availed themselves of the privilege of conducting business in Florida; or (ii) show that the Defendants' online e-commerce storefronts are "purposefully directed" at Florida. The requirement that Plaintiff do so is to prevent the Jin Store Defendants – or any defendant – from being haled into a jurisdiction based solely on activities that are random, fortuitous or attenuated. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

For e-commerce cases, the jurisdictional question is whether the website's activity <u>as well as the defendant's actual interactions</u> with the state of Florida are sufficient to establish that the company has purposely availed itself of a state through its website. Roblor Mktg. Grp., Inc. v. GPS Indus., Inc., 645 F. Supp. 2d 1130, 1142 (S.D. Fla. 2009). The mere world-wide accessibility of a defendant's website "in the absence of any actual interaction will not support a finding that jurisdiction attaches." Id.; see, e.g. Dynetech Corp. v. Leonard Fitness, Inc., 523 F. Supp. 2d 1344, 1348 (M.D. Fla. 2007) ("While these websites likely are as accessible from Florida as they are from any other state or anywhere in the world where Internet access is available, such accessibility does not amount to 'purposeful availment' of conducting activities with Florida.").

Rather, "something more" than simply posting allegedly infringing material on a website viewable in Florida is required to find that website activity was targeted at a particular forum, thereby invoking the benefit of the forum state's laws. Organic Mattresses, Inc. v. Environmental Res. Outlet, Inc., 2017 WL 5665354 (S.D. Fla. Oct. 6, 2017) (holding no jurisdiction existed where plaintiff failed to present "evidence that a single sale occurred in Florida by a consumer who saw the allegedly infringing content" on defendant's website); Frida Kahlo Corp. v. Pinedo, 2021 WL 4147876 (S.D. Fla. Sept. 13, 2021) (holding no personal jurisdiction existed where Plaintiff failed to allege that defendant ever sold goods from their e-commerce website to Florida residents); CCTV Outlet, Corp. v. Desert Sec. Sys. L.L.C., 2017 WL 5640717 (S.D. Fla. Aug. 7, 2017) (holding purposeful availment prong was not met where website at issue was not "manifestly intended" to target Florida and the defendants had no evidence of sales into Florida); Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1357 (11th Cir. 2013) ("We are not saying that the mere operation of an interactive website alone gives rise to purposeful availment anywhere the website can be accessed."); Instabook Corp. v. Instantpublisher.com, 469 F. Supp. 2d 1120, 1126 (M.D. Fla. 2006) (finding no personal jurisdiction where the defendant made two sales to Florida residents through a commercial, interactive website); Performance Indus. Mfg., Inc. v. Vortex Performance Pty Ltd., 2019 WL 78840 (M.D. Fla. Jan. 2, 2019) (finding no personal jurisdiction where defendant maintained a website that allowed for purchase and delivery of goods accessible in Florida, because the only sales in Florida were caused by Plaintiff's counsel as part of litigation); DCS Real Est. Invs., LLC v. Bella Collina Events, LLC, 2015 WL 628586 at *3 (M.D. Fla. Feb. 12, 2015) ("Because [defendant] did not utilize its online presence to actively solicit business from Florida residents, [defendant] did not purposefully avail itself of the Florida forum.").

Organic Mattresses is very analogous to the instant case. In Organic Mattresses, the court determined that the plaintiff could not establish personal jurisdiction over the defendant on its trademark infringement claims where the plaintiff failed to offer any proof that the allegedly infringing product was ever sold to a customer in Florida. Id. Just like in Organic Mattresses, here there is no evidence in the record of any actual sales or interaction with the state of Florida. *See also*, Vital Pharms., Inc. v. Bang Diamonds LLC, 2022 WL 3867894 at *1-2 (S.D. Fla. Aug. 30, 2022) (finding no purposeful availment despite Defendant operating a fully interactive website that offered shipping "within all 48 contiguous states within the United States" because Defendant submitted an affidavit stating that no sales were actually made to Florida consumers); Roblor Mktg. Grp., Inc. v. GPS Indus., Inc., 645 F. Supp. 2d 1130, 1142 (S.D. Fla. 2009) ("The mere world-wide accessibility of [defendant's] websites in the absence of any actual interaction will not support a finding that jurisdiction attaches."). In fact, there is no evidence in the record that a Florida resident ever even viewed The Jin Store Defendants' storefront. Volt, LLC v. Volt Lighting Grp. LLC, 369 F. Supp. 3d 1241, 1248 (M.D. Fla. 2019) (finding no personal jurisdiction when plaintiff presented no evidence that defendant's website "was viewed by, and confused, a Florida consumer or even targeted a Florida consumer"); *see also* Rubik's Brand, Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A, 2021 WL 825668 at *4 (N.D. Ill. Mar. 4, 2021) ("That an Illinoisan might someday find Yoyoly's website and decide to purchase a counterfeit Rubik's product from the site simply does not suffice to vest the Court with personal jurisdiction over Yoyoly."). There is no indication that the Jin Store Defendants specifically target Florida or its residents, and with zero actual sales, Plaintiff has failed to articulate how the Jin Store Defendants have purposely availed themselves to the jurisdiction of the state of Florida.

      ii. **Plaintiff's alleged injury does not arise out of the Jin Store Defendants' activities in Florida**.

Because Plaintiff cannot prove or show that the Jin Store Defendants acted at or in Florida, Plaintiff similarly cannot show that Plaintiff suffered an injury in Florida. "A fundamental element of the specific jurisdiction calculus is that plaintiff's claim must arise out of or relate to at least one of the defendant's contacts with the forum." Fraser v. Smith, 594 F.3d 842, 850 (11th Cir. 2010); *see also* Res. Healthcare of Am., Inc. v. McKinney, 940 So. 2d 1139, 1143 (Fla. Dist. Ct. App. 2006) (holding that Florida's long-arm statute "confers jurisdiction over parties who operate, conduct, engage in, or carry on a business or business venture in this state or have an office or agency in this state for any cause of action *arising from the 'doing of' those acts*"). Stated differently, a tort "arise[s] out of or relate[s] to" a defendant's activity in a state only if the activity is a "but-for" cause of the tort. *See*, Waite v. All Acquisition Corp., 901 F.3d 1307 (11th Cir. 2018).

Plaintiff cannot allege that any of its "injuries" are related to the Jin Store Defendants' (non-existent) Florida-specific actions. Plaintiff alleges that the Jin Store Defendants sell counterfeit and infringing goods into Florida. [D.E. 1 at ¶ 24]. However, Plaintiff's assertion is mistaken; the Jin Store Defendants have not sold any of the allegedly-infringing products into Florida. Mai Jin Decl. ¶ 3. Moreover, the Defendant has not taken any action to specifically advertise or target sales to Florida consumers. Id. at ¶ 4.

At most, the Jin Store Defendants operated online stores that were accessible from Florida. However, this level of accessibility is no different than in any other forum where a resident has internet access, and is insufficient to give rise to personal jurisdiction. Fraser v. Smith, 594 F.3d at 847 ("[T]he mere existence of a website that is visible in a forum and that gives information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum."); Louis Vuitton Malletier, 736 F.3d at 1339 ("We are not saying that

the mere operation of an interactive website alone gives rise to purposeful availment anywhere the website can be accessed.").

Indeed, "there is no nexus between any of the Defendants' activities and an injury suffered in Florida alleged in Plaintiffs' complaint." Organic Mattresses at *10. Like in Organic Mattresses, there "is no competent proof that Defendants' [products] were ever sold to consumers in Florida who viewed the allegedly infringing materials on [defendants' websites]." Id. There is no evidence that any sales were made to Florida residents or that any Florida residents even viewed the allegedly infringing trademark and suffered an injury in Florida. *See*, PeopleShare, LLC v. Vogler, 2022 WL 1404605 at *6 (S.D. Fla. May 4, 2022) (finding no jurisdiction where plaintiff failed to establish that "Defendants marketed, promoted, sold, or distributed their infringing goods and services to any Florida customers as a result of viewing Defendants' website"). Accordingly, Plaintiff cannot show that any damage it may have endured was derived from the Jin Store Defendants' acts (or lack thereof) in Florida.

### iii. **This Court's exercise of personal jurisdiction over the Jin Store Defendants would not comport with fair play and substantial justice.**

In addition to failing to show that the Jin Store Defendants purposefully directed their activities at Florida or purposefully availed themselves of the privilege of doing business in Florida, or that Plaintiff's "injuries" arose from the Jin Store Defendants' contacts within Florida, Plaintiff cannot show how subjecting the Jin Store Defendants to this Court's personal jurisdiction comports with fair play and substantial justice. In making this determination, the Court must consider "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." Louis Vuitton Malletier 736 F.3d at 1358; *see also* Asahi Metal Indus. Co. v. Superior Court of Cal., Solano Cty., 480 U.S. 102, 114 (1987) ("The unique burdens

placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction across national borders."). While none of these factors is dispositive, the most important factors to consider are: (i) the interests of the states involved and (i) the relative convenience of litigating in that forum. Id.

In the present case, the Jin Store Defendants would be significantly burdened with having to litigate the merits of the case in Florida. The Jin Store Defendants are based in China and conduct their business in China, several thousand miles away. Mai Jin Decl. ¶ 4. The Jin Store Defendants have no office, employees, or agents in Florida, and would face considerable additional expenditures by having to remotely manage local counsel, conduct discovery, and proceed through trial. Id.

Further, Florida's interest in adjudicating the dispute tips against exercising personal jurisdiction: Plaintiff's claims are founded in federal trademark infringement. Litigating in this forum would not serve the interstate judicial system's interest in obtaining the most efficient resolution of the controversy as nothing happened here: evidence supporting the Jin Store Defendants' claims would theoretically come from individuals with no ties to Florida and/or from records of a company located in China on the other side of the Pacific Ocean. Even Plaintiff, itself, is not a business entity registered, or having a principal place of business located, in Florida. The only thing present in Florida are Plaintiff's lawyers, and a defendant is not subject to jurisdiction solely because the plaintiff *allegedly* suffered injury in the forum state. See MG Design Assocs., Corp. v. CoStar Realty Info., Inc., 267 F. Supp. 3d 1000, 1016 (N.D. Ill. 2017). Both Plaintiff and Defendant are foreign proprietors, and the nations' shared interest is "best served by . . . an

unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State." Asahi, 480 U.S. at 115.

On review, no factor tips in favor of exercising personal jurisdiction. All factors tip against exercising personal jurisdiction, and thus this court exercising personal jurisdiction over the Jin Store Defendants would offend traditional notions of fair play and substantial justice. Given this Court lacks personal jurisdiction over the Jin Store Defendants, the Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) and any and all injunctive relief entered against the Jin Store Defendants should be dissolved.

### III. Conclusion

Intellectual property infringement suits against anonymous and generally-Chinese e-commerce retailers are very common in this District and few would disagree that intellectual property infringement is a matter that should be aggressively policed. However, this motivation does not excuse a brand-owner, like Plaintiff, from obtaining judicial relief without complying with federal rules or the Court's jurisprudence. The Jin Store Defendants are not subject to this Court's personal jurisdiction and are not properly before this Court. Accordingly, Defendants respectfully request this Court dismiss the Plaintiff's Complaint against the Jin Store Defendants with prejudice pursuant to Fed. R. Civ. P. 12(b)(2), and terminate the preliminary injunction as it applies to the Jin Store Defendants.

### Local Rule 7.1(a)(3) Certification

Counsel for the Jin Store Defendants conferred with Plaintiff on July 23, 2024, and Plaintiff has indicated that it opposes the relief requested herein.

Dated       July 23, 2024                     Respectfully submitted,

/s/Darren Heitner
HEITNER LEGAL, P.L.L.C.
215 Hendricks Isle
Fort Lauderdale, FL 33301
darren@heitnerlegal.com
Ph.      (954) 558-6999
*Attorney for the Jin Store Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served July 23, 2024, via transmissions of Notice of Electronic Filing generated by CM/ECF to all parties or counsel of record in this matter.

/s/Darren Heitner

## SCHEDULE A

| Defendant | Store Seller ID |
|---|---:|
| 25 Yellow Tong | 10001549805 |
| 26 Steady Clothing | 10001552353 |
| 41 CZ TRADE Co.Ltd | 10001549805 |
| 73 Rich Year | 10001552348 |
| 71 Yubatuo | 10001563657 |