UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-cv-60618

LIANGSWORD LIMITED,

    Plaintiff,
v.

THE PARTNERSHIPS,
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

    Defendant.
_____/

## Defendants' Expedited Motion to Modify Asset Restraint

Defendants, Yellow Tong (Defendant No. 25), Steady Clothing (Defendant No. 26), CZ Trade Co. Ltd (Defendant No. 41), Rich Year (Defendant No. 73), and Yubatuo (Defendant No. 71) (collectively, "Defendants"), by and through undersigned counsel, hereby file this Expedited Motion to Modify Asset Restraint and, in support thereof, states as follows:

## OVERVIEW

1. On April 16, 2024, Plaintiff filed its complaint against certain individuals and entities, alleging, *inter alia*, trademark infringement. [D.E. 1].

2. On April 30, 2024, Plaintiff filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order, Including a Temporary Injunction and a Temporary Asset Restraint ("*Ex Parte* Motion"). [D.E. 20].

3. On May 14, 2024, the Court granted Plaintiff's *Ex Parte Motion*. [D.E. 24].

4. On May 20, 2024, Plaintiff filed a Motion for Preliminary Injunction. [D.E. 27].

5. On June 10, 2024, the Court entered an Order granting in part and deferring in part Plaintiff's Motion for Preliminary Injunction [D.E. 67]. Specifically, Plaintiff's Motion for

Preliminary Injunction was granted as to Defendants.

6. As a result of the Court's entry of preliminary injunction, the Defendants' Walmart e-commerce stores (collectively, the "Stores") has a restrained amount of more than $222,000. *See* Dec. of Mai Jin, ¶ 11. The restrained amount is in substantial excess of the Defendants' sales of the accused product.

7. On July 23, 2024, Defendants filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction ("Motion to Dismiss"). [D.E. 129].

8. Pending the Court's determination of Defendants' Motion to Dismiss, Defendants hereby file this Expedited Motion to Modify Asset Restraint, as the restraint imposed by the Court restricts the Defendants' ability to withdraw any funds from its respective Walmart accounts, regardless of whether the funds included therein are derived from lawful sales of products unrelated to this action, thereby substantially restricting Defendants' ability to continue its business. *See* Dec. of Mai Jin, ¶¶ 11 – 12.

9. For such reason and the reasons further set forth herein, Defendants respectfully request that the Court modify the preliminary injunction to terminate or, in the alternative, modify the asset restraint.

10. This motion is being filed on an expedited basis in accordance with Southern District of Florida, Local Rule 7.1(d)(2). The Defendants are requesting an expediting ruling by August 16, 2024, or as soon as possible thereafter. A ruling is required by such date, as the Defendants' Walmart accounts are currently frozen, and Defendants have no means or ability to access funds in order to continue business. As a result, Defendants' liquidity has been drastically impacted, which result has a material effect on the Defendants' ability to sufficiently defend itself against the baseless claims raised by Plaintiff. *See* Dec. of Mai Jin, ¶ 12.

## ARGUMENT

### A. Legal Standard

The federal rules of procedure state that a party may be afforded relief from an injunction where prospective application of the order is "no longer equitable." Fed. R. Civ. P. 60(b)(5), 65(b)(4); *Sec. & Exch. Comm'n v. OTC Cap. Partners, LLC*, 2021 WL 9426827 at *2 (S.D. Fla. Oct. 20, 2021). There are no time constraints on a court to modify a preliminary injunction. *Polaris Pool Sys., Inc. v. Great Am. Waterfall Co.*, 2006 WL 289118 at *4 (M.D. Fla. Feb. 7, 2006). Modification of a preliminary injunction is proper when there has been a "change in circumstances between the entry of the injunction and the motion that would render the continuance of the injunction inequitable." *All Web Leads, Inc. v. D'Amico*, 2018 WL 6522167 at *3 (S.D. Fla. Nov. 9, 2018). Therefore, modification avoids the injustice of requiring a defendant to continue compliance with an injunctive order under circumstances that would have prevented its entry in the first place. *See Polaris Pool*, 2006 WL 289118 at *4 (internal citations omitted).

The court has the inherent power to grant appropriate equitable relief, and modification or dissolution of a preliminary injunction is within the sound discretion of the court that issued the injunction. *See Giant Screen Sports LLC v. Sky High Ent.,* 2009 WL 10712144 at *2 (S.D. Fla. Jan. 16, 2009). The party seeking relief bears the burden of establishing that changed circumstances warrant relief, but once the party establishes this burden, a court abuses its discretion "when it refuses to modify an injunction or consent decree in light of such changes." *Sec. & Exch. Comm'n v. Betta*, 2018 WL 11448612 at *2 (S.D. Fla. Aug. 7, 2018).

### A. The Defendants Are Entitled to Termination of the Asset Restraint, Or, in the Alternative, Modification of the Asset Restraint Currently in Place Because the Amount Restrained is in Vast Excess of the Amount that Plaintiff May Reasonably Recover as Damages in this Action.

This Court should terminate the asset restraint imposed by the preliminary injunction, or,

in the alternative, limit the asset restraint currently in place to the amount that may possibly be recovered as profits through an equitable accounting and/or those funds strictly relating to this action. The Supreme Court has held that district courts generally lack the authority "to issue a preliminary injunction preventing [a defendant] from disposing of [its] assets pending adjudication of a plaintiff's claim for money damages." *Grupo Mexicano de Dessarrolo v. Alliance Bond Fund*, 527 U.S. 308, 333 (1999). Furthermore, "the general federal rule of equity is that a court may not reach a defendant's assets unrelated to the underlying litigation and freeze them so that they may be preserved to satisfy a potential money judgment." *Charter Sch. Cap., Inc. v. N.E.W. Generation Preparatory High Sch. of Performing Arts, Inc.*, 2015 WL 11201180 at *3 n. 3 (S.D. Fla. June 2, 2015) (internal citations omitted). Prejudgment asset restraints, therefore "should not include … financial accounts which bear no nexus to the alleged improper activities." *F.T.C. v. Washington Data Res.*, 2011 WL 3566612 at *4 (M.D. Fla. July 15, 2011), *report and recommendation adopted*, 2011 WL 3566208 (M.D. Fla. Aug. 12, 2011); *see also U.S. Commodity Futures Trading Comm'n v. E-Metal Merchants, Inc.,* 2006 WL 8432005 at *7 (S.D. Fla. Jan. 9, 2006) ("any funds not reasonably related to the ultimate relief requested by Plaintiff should be released."); *see also*, *Animale Grp. Inc. v. Sunny's Perfume Inc.,* 256 F. App'x 707, 708 (5th Cir. 2007), *quoting*, *Deckert v. Independence Shares Corp.*, 311 U.S. 282, 289-91 (1940) (noting that Prejudgment asset restraints are limited to cases seeking equitable relief, where they are narrowly drawn "to sequester only those funds necessary to satisfy the potential judgment.").

Applying these principles, any prejudgment asset restraint – if necessary – should be limited to amounts that Plaintiff is reasonably likely to recover pursuant to an equitable accounting of profits in this case. *See Simport Plastiques, Ltd. v. Imprint Genetics Corp.*, 2008 WL 11470805 at *2 (S.D. Fla. July 30, 2008), *report and recommendation adopted*, 2008 WL 11470806 (S.D.

Fla. July 30, 2008) ("A District Court can order an asset freeze as part of preliminary injunctive relief only with respect to assets in which an equitable interest is claimed and established."); *see also Fed. Trade Comm'n v. Netran Dev. Corp.*, 2005 WL 8155969 at *12 (S.D. Fla. Dec. 22, 2005), *report and recommendation adopted sub nom. Fed. Trade Comm'n v. Netran Dev. Corp.*, 2006 WL 8433430 (S.D. Fla. June 12, 2006) ("there must be a nexus between the assets sought to be frozen through an interim order and the ultimate relief requested in the lawsuit."); *Absolute Activist Value Master Fund Ltd. v. Devine*, 2016 WL 1572388 at *3 (M.D. Fla. Apr. 19, 2016) ("the freezing of a defendant's assets prior to trial is improper where only legal relief in the form of money damages is sought."); *Absolute Activist Value Master Fund Ltd. v. Devine*, 2016 WL 1572388 at *5 (M.D. Fla. Apr. 19, 2016) ("The asset freeze, however, may not preserve any amount of assets in excess of the equitable relief sought."); *Chanel, Inc. v. 83bab.com*, 2014 WL 11881008 (S.D. Fla. June 19, 2014), *report and recommendation adopted*, 2014 WL 11881007 (S.D. Fla. July 11, 2014) (refusing to extend asset freeze to Defendant's accounts where there was an insufficient showing that the "accounts also contain illegal profits from the sale of the [counterfeit] goods."); *See also*, *Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013) ("[W]here equitable relief is sought, the appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) equitable relief.  For example, where (as here) a litigant seeks the equitable remedy of an accounting of profits, then if the amount of the profits is known, then the asset freeze should apply on to that specific amount, and no more... In other words, the asset-restraint order must be limited only to the extent that is needed to secure the equitable remedy; the scope of the exception (to the general ban on prejudgment restraint) is limited by the scope of the exception's rationale."); *F.T.C. v. Bishop*, 425 F. App'x 796, 798 (11th

Cir. 2011) ("The district court abused its discretion by imposing too broad of an asset freeze without making any reasonable approximation of Defendant–Appellant's ill-gotten gains.").

Here, there has been a change in circumstances between the entry of the initial preliminary injunction and asset restraint and the current motion that renders the continuance of the current injunction and associated asset restraint inequitable. First, the Court is without authority to grant Plaintiff's Motion for Preliminary Injunction as to the Defendants due to lack of personal jurisdiction. *See Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F. 3d 1210, 1217 (11th Cir. 2009) ("[a]n in *personam* judgment entered without personal jurisdiction over a defendant is void as to that defendant"). As a result, should the Court grant Defendants' Motion to Dismiss, the Court's entry of preliminary injunction as to Defendants shall be deemed void, and Plaintiff's Complaint dismissed, as a result.

Notwithstanding, the current injunction froze all funds in the Defendants' Walmart account. Per the Declaration of Mai Jing attached herewith, Defendants have provided evidence showing that Plaintiff has no equitable interest in particular restrained assets, as they are not the proceeds of Defendants' allegedly infringing activities. *Simport Plastiques, Ltd.,* 2008 WL 11470805 at *2 ("A District Court can order an asset freeze as part of preliminary injunctive relief only with respect to assets in which an equitable interest is claimed and established."). The Defendants have over $220,000 frozen, collectively, via its respective Walmart accounts compared to revenue of $140.81 across its Stores from sales of 19 items of the accused product. *See* Dec. of Mai Jin, ¶9.

There is no basis for including as part of the asset restraint amounts in the Defendants' Walmart account beyond $140.81, i.e. the would-be profit earned from sale of accused products that are specifically tied to the nexus of this dispute. *See, e.g.*, *Klipsch Grp., Inc. v. Big Box Store*

*Ltd.*, 2012 WL 4901407, at *2 (S.D.N.Y. Oct. 11, 2012) (reducing asset freeze upon defendants to $1,000 from $2,000,000 after defendants' documentary showing of profits earned from allegedly infringing goods).

Furthermore, sufficient grounds exist for the asset restraint to be terminated in its entirety – in exercising its discretion to modify[1] an asset restraint due to being overbroad, the court in *Awareness Ave. Jewelry LLC* stated the following:

> **[It does not appear] the Court that an asset freeze is required to ensure the availability of permanent equitable relief against the moving Defendants. The amount of funds in their accounts, the minimal profits they have obtained from the alleged infringement, and the fact that they have appeared by counsel in this lawsuit to respond to the complaint, all suggest that they will have funds to pay a judgment for disgorgement of profits if one is ultimately entered.**

2023 WL 3568387, at *2 (M.D. Fla. May 19, 2023). Here, (i) the Defendants have appeared by counsel with the intent of defending against Plaintiff's baseless claims (as noted by the Defendants filing of Defendants' Motion to Dismiss), and (ii) the collective amounts of funds restrained in the Defendants Walmart accounts compared to the minimal amount of revenue received from sales of the accused product does not necessitate the need for an asset restraint. The foregoing factors suggest that the Defendant will have funds to pay a judgment for disgorgement of profits if one is ultimately entered. *See* Dec. of Mai Jin, ¶ 12.

Accordingly, the asset restraint should be eliminated. Alternatively, if not eliminated in its entirety, the amount of any asset restraint should be reduced to, at most, the profits from the Defendants' collective sales of the accused products - $140.81.

---

[1] In *Awareness Ave. Jewelry LLC*, the Court exercised its discretion to modify the preliminary injunctive relief previously granted to the extent of eliminating the asset restraint. 2023 WL 3568387, at *2.

**CONCLUSION**

WHEREFORE, for the reasons set forth above, Defendants respectfully request that the Court enter an Order: (i) eliminating the asset restraint, or, alternatively (ii) modifying the asset restraint to the amount of funds that are the result of the alleged infringing activity (i.e. Defendants' revenue from sales of the accused product), and grant such other relief as the Court deems just and appropriate.

**L.R. 7.1(a)(3) Certification**

On July 5, 2024, Counsel for the Defendants attempted to meet and confer with Plaintiff's counsel regarding the relief sought in this motion. On July 12, 2024 – having not heard back from Plaintiff's counsel – Defendants' counsel again contacted Plaintiff's counsel to confer on the relief requested herein (*see below*):



On July 12, 2024, Plaintiff's counsel responded, stating "Plaintiff does not agree to reduce the asset freeze to $140.81 as suggested. Plaintiff is willing to agree to an asset freeze amount of $3,000." (*see below*):

> rcheng@palmerlawgroup.com
> to Darren, Frank, me, IP_Enforcement, Mainleaf, ajpalmer
>
> Jul 12, 2024, 9:51 AM
>
> Hi Darren and Frank,
>
> Plaintiff does not agree to reduce the asset freeze to $140.81 as suggested. Plaintiff is willing to agree to an asset freeze amount of $3,000. The separate motion to vacate the PI will be opposed.
>
> Warm regards,
>
> Robin Cheng | Attorney
> Palmer Law Group, P.A.
> 5353 N. Federal Highway, Suite 402
> Fort Lauderdale, FL 33308
> www.palmerlawgroup.com
> Tel: +1 (917) 525-1495

On July 15, 2024, Defendants' counsel indicated it's agreement to the $3,000 asset freeze for Defendants. In response, Plaintiff's counsel directed Defendants' counsel to draft a Consent Joint Motion to Modify Asset Restraint. On July 22, 2024, Plaintiff's counsel contacted Defendants' counsel, attempting to renege on the agreement that was reached between the parties. On July 24, 2024, Defendants' counsel contacted Plaintiff's counsel to confirm whether the agreement was still in place, but received no responses. Defendants' counsel followed up on July 26, 2024, but received no response.

August 2, 2024

Respectfully submitted,

/s/Darren Heitner
HEITNER LEGAL, P.L.L.C.
215 Hendricks Isle
Fort Lauderdale, FL 33301
darren@heitnerlegal.com
Ph.     (954) 558-6999
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF to the parties listed on the service list thereof on August 2, 2024.

/s/Darren Heitner