UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:24-cv-60618-AHS

LIANGSWORD LIMITED,

    Plaintiff,

v.

The Partnerships, Unincorporated Associations Identified on Schedule A,

    Defendant/

FILED BY NA D.C.
Aug 6, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

**DEFENDANTS Joybuy Marketplace (Def. No. 142), Joybuy Marketplace (Fashion) (Def. No. 143), Joybuy Marketplace(Express) Def. No. 161), and Joybuy Marketplace(Selection) (Def. No. 161) (collectively 'Joybuy et al')
MOTION TO SET ASIDE ENTRY OF DEFAULT JUDGMENT (DE. 76/77)**

Defendants Joybuy et al., by and through their Counsels Robert M. DeWitty and Agnes Mombrun Geter, hereby move this Court to Set Aside the Entered Default Judgment (DE. 76/77), based on the following 'good cause':

A default judgment may be set aside for 'good cause'. FRCP 55(c); *Souffrant v. Toyota Motor Sales, U.S.A., Inc.*, No. 17-Civ-23357-WILLIAMS/TORRES (S.D. Fla. Jan. 22, 2018). The determination of 'good cause' varies from situation to situation. *Id.* These courts have taken into consideration the factors of whether the default was willful, would a 'set aside' prejudice the other side, whether the defaulting party can produce a sufficient defense, financial loss to be suffered by the other party, and was an attempt to correct the default prompt. *Id.*

In the present case, the 'defaulting situation' was created against Joybuy et al. based on their inability to locate sufficient counsel in this jurisdiction well-versed in intellectual property

litigation, as well as service of process being questionable on Joybuy et al.[1] Upon retaining Mr. DeWitty and Ms. Geter, Mr. DeWitty applied to appear before this Court *pro hac vice*, which was then granted (July 25, 2024). Mr. DeWitty then attempted to respond to the default entry, but the response was negated by the Court as being an incorrect response.[2] Joybuy et al.'s counsel now presents this Motion to Set Aside the entered default.

Considering the factors set out above, the status of default was not willful, but rather resulted from Joybuy et al. attempt at preparing for this case. At this stage of the litigation, with default entered within 2 months, plaintiff will not be prejudiced at this stage. Joybuy et al. will be able to present a staunch defense of non-infringement, as well as questioning service of process. Regarding prompt response, upon entering this case, Joybuy et al.'s counsel responded through a filing with this Court.

---

[1] To be laid out in future documents, because Joybuy et al. can establish a lack of sufficient 'touches' with Florida, proper service of process is legally questionable.
[2] Mr. DeWitty was under the impression the Motion for Entry of Default was still pending, and not yet granted.

Based on these arguments, Joybuy et al.'s motion to set aside should be GRANTED.

DATED: August 6, 2024                                               Respectfully submitted,

_____
Robert M. DeWitty
Attorney, *pro hac vice*
DeWitty and Associates
1500 K Street, 2nd Floor
Rm. 249B
Washington, D.C. 20005
Attorney for Plaintiff

August 6, 2024

Clerk's Office
U.S. Federal Building and Courthouse
299 East Broward Boulevard #108
Fort Lauderdale, FL 33301



FILED BY NA D.C.
AUG 06 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

RE: Filing with Clerk Court
*LIANGSWORD LIMITED, v. The Partnerships, Unincorporated Associations Identified on Schedule A,* (23-cv-60618 SD Fl)

Dear Sir:

Defendant Joybuy et al. herewith submits its Motion to Set Aside entry of default. Joybuy et al.'s counsel submits this document in person because local counsel was unavailable due to a holiday period.

Respectfully submitted,

Robert M. DeWitty
Attorney, *pro hac vice*
DeWitty and Associates
1500 K Street, 2nd Floor
Rm. 249B
Washington, D.C. 20005
Attorney for Plaintiff