UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:24-cv-60618-AHS

LIANGSWORD LIMITED,

    Plaintiff,                                            **JUDGE RAAG SINGHAL**

v.                                                             **MAG. JUDGE JARED M. STRAUSS**

THE PARTNERSHIPS, UNINCORPORATED
    ASSOCIATIONS IDENTIFIED ON
    SCHEDULE A,
    Defendant/

**DEFENDANTS JOYBUY MARKETPLACE (DEF. NO. 142), JOYBUY MARKETPLACE (FASHION) (DEF. NO. 143), JOYBUY MARKETPLACE(EXPRESS) DEF. NO. 161), AND JOYBUY MARKETPLACE(SELECTION) (DEF. NO. 161) (COLLECTIVELY 'JOYBUY ET AL')
MOTION TO VACATE THE CLERK'S ENTRY OF DEFAULT
<u>UNDER FED. R. CIV. P. 55(C)</u>**

Defendants Joybuy Marketplace (Def. No. 142), Joybuy Marketplace (fashion) (Def. No. 143), Joybuy Marketplace (express) (Def. No. 161), and Joybuy Marketplace (selection) (Def. No. 161) (collectively 'Joybuy et al.'), by and through their counsel Robert M. DeWitty and Agnes Mombrun Geter, hereby move this Court to vacate the Clerk's default entered against Joybuy et al., and grant Joybuy et al. leave to answer or otherwise plead in response to Plaintiff's Complaint on or before September 2, 2024.

**FACTS**

Plaintiff's Complaint (DE 1) was filed April 16, 2024. Plaintiff's motion for service by publication was granted on May 14, 2024 (DE 22). Based on the issued Summons (DE 29), a response to the Complaint was due June 12, 2024. Joybuy et al.'s counsel made their collective

appearance on July 25, 2024 (DE 130).  Following the previous filings of DE's 138/146, Joybuy et al. through counsel hereby present this motion to vacate the Clerk's entered default (DE 77).

**LAW**

Fed. R. Civ. P. 55(c) states that a "court may set aside an entry of default for good cause." The 'good cause' standard is to be construed liberally on a case-by-case basis.  *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996).

In determining whether good cause exists to vacate a default, courts may consider: "(a) whether the default was culpable or willful; (b) whether vacating it would prejudice the adversary; (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *S.E.C. v. Johnson,* 436 Fed. Appx. 939, 945 (11th Cir. 2011) (quoting, *Compania Interamericana,* 88 F.3d at 951-52).  Regardless of the factors used, they are simply "a means of identifying circumstances which warrant the finding of 'good cause' to vacate an entered default.  However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying."  *Id. at* Compania Interamericana.

When ruling on a motion to vacate an entry of default, "[t]he Court is vested with considerable discretion[.]" *In re Fortner,* No. 12-60478, 2012 WL 3613879, at *7 (S.D. Fla. Aug. 21, 2012) (citing *Robinson v. United States*, 734 2d. 735 (11th Cir. 1984)).  Because of the strong policy of determining cases on their merits, the Eleventh Circuit views defaults with disfavor. *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).  As a result, in order to

obtain relief under Rule 55(c), the movant only make a 'bare minimum showing" to support its claim for relief.  *Fortner*, 2012 WL 3613879, at *7 (quoting *Jones v. Harrell*, 858 F.2d 667, 668 (11th Cir. 1988)).  Lastly, the standard to be applied to vacate an entry of default is different from that to set aside a default judgment.  Specifically, the standard to set aside a default judgement is more rigorous.  *Tyco Fire & Sec. v. Alcocer*, No. 04-23127, 2009 WL 789657, at *2 (S.D. Fla. Mar. 23, 2009).

**ANALYSIS**

In the present case, the default was entered against Joybuy et al. due to their lack of response to the Complaint.  Joybuy et al. failed to respond based on their inability to locate sufficient counsel in this jurisdiction well-versed in intellectual property litigation, as well as service of process being questionable on Joybuy et al.[1]  Upon retaining Mr. DeWitty and Ms. Geter, Mr. DeWitty applied to appear before this Court *pro hac vice*, which was then granted in late July.  Considering the factors set out above, the status of default was not willful, but rather resulted from Joybuy et al.'s attempt at preparing for this case, including locating counsel well-versed in intellectual property litigation.  At this stage of the litigation, with default entered within 2 months, plaintiff will not be prejudiced at this stage.  Joybuy et al. will be able to present a staunch defense of non-infringement, as well as questioning service of process.  Regarding prompt response, upon entering this case, Joybuy et al.'s counsel responded through a filing with this Court.

---

[1] To be laid out in future documents, because Joybuy et al. can establish a lack of sufficient 'touches' with Florida, proper service of process is legally questionable.

**CONCLUSION**

Based on the above facts, Joybuy et al. the grant of this motion to vacate the Clerk's entered default is in order.

**CERTIFICATION UNDER LOCAL RULE 7.1(a)(3)**

On July 2, 2024 (*via email)* and August 8, 2024 (*via telephone*), Robert M. DeWitty, on behalf of Joybuy et al., attempted to speak with Plaintiff's counsel A. Palmer to discuss the motion for default judgment as well as other aspects of the case, and subsequently this motion to vacate the Clerk's entered default. In both instances, Mr. DeWitty did not receive return communication from Mr. Palmer. [Declaration of Robert M. DeWitty].

DATED: August 12, 2024	Respectfully submitted,

_____
Robert M. DeWitty
Attorney*, pro hac vice*
DeWitty and Associates
1500 K Street, 2nd Floor
RM. 249B
Washington, D.C. 20005
Attorney for Plaintiff


 */s/ Agnes Mombrun Geter*
AGNES MOMBRUN GETER
FBN 77001
 MOMBRUN LAW, PLLC
100 S. ASHLEY DRIVE,
SUITE 600,
TAMPA, FL 33602,
321-216-2040
agnes@mombrunlaw.com
Attorneys for JoyBuy et al.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 12, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipts. Parties may access this filing through the Court's system.

      */s/ Agnes Mombrun Geter*
      AGNES MOMBRUN GETER