UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60618-CIV-SINGHAL

LIANGSWORD LIMITED,

      Plaintiff,

v.

THE PARTNERSHIPS, UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE
A,

      Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court on the Motion to Vacate the Clerk's Entry of Default under Fed. R. Civ. P. 55(c) (the "Motion") (DE [156]) filed by Defendants Joybuy Marketplace (Def. No. 142), Joybuy Marketplace (Fashion) (Def. No. 143), Joybuy Marketplace (Express) (Def. No. 161), and Joybuy Marketplace (Selection) (Def. No. 164) (collectively, the "Joybuy Defendants"). Following the expiration of the time for the Joybuy Defendants to respond to Plaintiff's Complaint, the Clerk of the Court entered a default as to the Joybuy Defendants upon Plaintiff's motion. *See* (DE [77]). The Joybuy Defendants now request that the Court vacate the Clerk's entry of default as to them pursuant to Federal Rule of Civil Procedure ("Rule") 55(c) and grant them an extension of time to respond to Plaintiff's Complaint. Plaintiff filed a response in opposition to the Motion. (DE [158]). No reply was filed. Accordingly, the Motion is ripe for the Court's adjudication.

## I.    BACKGROUND

This action involves Plaintiff's claim that Defendants, including the Joybuy Defendants, advertised, offered for sale, and sold products through their e-commerce stores that infringed on Plaintiff's FACEGA trademark. On April 16, 2024, Plaintiff filed

its Complaint, bringing claims against Defendants for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement.  *See* (Compl. (DE [1])).  Plaintiff also moved for, and the Court granted, leave to carry out alternative service of process on Defendants by email service and website posting because Defendants provided incomplete or false names and address information in their e-commerce store registrations and rely heavily on electronic communications to converse with service providers and customers. (DE [25]).

On May 23, 2024, Plaintiff filed with the Court a declaration that Plaintiff's counsel sent an email with the Complaint and Summons, other filings, and the website link for a folder of all the court filings to the email addresses provided by the e-commerce platforms used by the Joybuy Defendants on May 22, 2024.  *See* (DE [36]).  On June 14, 2024, after the deadline for the Joybuy Defendants to respond to the Complaint had passed, Plaintiff filed a Motion for Clerk's Entry of Default (DE [76]), and the Clerk entered a default as to the Joybuy Defendants on the same day.  (DE [77]).  Plaintiff filed a Motion for Entry of Default Judgment as to the Joybuy Defendants on June 25, 2024, which remains pending.  (DE [98]).

On July 24, 2024, counsel for the Joybuy Defendants filed a Motion to Appear Pro Hac Vice (DE [130]), and on July 31, 2024, the Joybuy Defendants filed their first substantive motion attempting to litigate this action.  (DE [137]).  The Court struck the first two of these filings for procedural errors, and on August 12, 2024, the Joybuy Defendants filed the present Motion. (DE [156]).

## II.    **LEGAL STANDARD**

Rule 55(c) provides that the court "may set aside an entry of default for good cause."  "'Good cause' is a mutable standard, varying from situation to situation. It is also

a liberal one—but not so elastic as to be devoid of substance." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989)). Courts consider various factors, including "whether the default was culpable or willful," "whether setting it aside would prejudice the adversary," "whether the defaulting party presents a meritorious defense," "whether there was significant financial loss to the defaulting party," and "whether the defaulting party acted promptly to correct the default." *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011). A party's display of an "intentional or reckless disregard for the judicial proceedings" or its noncompliance with court orders despite being given ample opportunity to comply, indicating a willful default, are sufficient on their own for the court to deny relief. *Compania Interamericana*, 88 F.3d at 951–52. Even so, "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

## III.   DISCUSSION

The Joybuy Defendants argue that they failed to respond because they were unable to locate sufficient counsel in this jurisdiction well-versed in intellectual property litigation and service of process was questionable on the Joybuy Defendants. Upon retaining their present counsel, the Joybuy Defendants claim that their counsel promptly moved to vacate the default. They argue that Plaintiff will not be prejudiced based upon the recency of the entry of default, and they will be able to present a staunch defense of non-infringement and insufficient service of process.

Plaintiff responds that the Joybuy Defendants were duly served and communicated with Plaintiff about the matter well before default was entered and were timely notified about the motion for default judgment. Plaintiff also claims that the parent company or

holding company of the Joybuy Defendants is JD.com, a large e-commerce platform that conducts business in the United States and frequently litigates matters within the Southern District of Florida, making their claims about having difficulty in securing competent legal counsel dubious.  Plaintiff also asserts that the Joybuy Defendants have not set forth a plausible defense where they conflate the issue of insufficient service of process with a lack of personal jurisdiction and fail to substantiate their purported defense of non-infringement.  For all of these reasons, Plaintiff argues that the Court should deny the Joybuy Defendant's Motion.

Because the Joybuy Defendants' Motion is conclusory and devoid of factual content by which the Court could assess the merits of the Joybuy Defendants' arguments, the Court denies the Motion without even reaching the evidence submitted by Plaintiff. First, the Joybuy Defendants claim that their default was not willful because they were unable to promptly find competent counsel in this jurisdiction upon learning of this action. The Joybuy Defendants offer no evidence in support of their claim, such as an affidavit from a representative of the companies detailing their efforts to secure legal counsel in this matter.  *See Allstate Ins. Co. v. Palterovich*, 2007 WL 788359, at *1 (S.D. Fla. Mar. 14, 2007) (denying motion to vacate default in part because the defendant failed to file an affidavit to support his motion's factual representations).  Furthermore, there is nothing present in the Motion that even attempts to establish that the Joybuy Defendants acted diligently in their efforts to obtain competent counsel, and the Court declines to *sua sponte* infer this.  *See Grupo Rayco C.A. v. Delta Air Lines, Inc.*, 2021 WL 1351859, at *5 (N.D. Ga. Mar. 16, 2021) (denying motion to vacate default in part because defendant's counsel failed to include specific information in his certification that would permit the Court to assess whether he acted diligently in attempting to timely respond to the complaint).

4

The Joybuy Defendants also seem to claim that their default was not willful based upon the "questionable" nature of the service of process, but they do not directly deny receiving service of process and instead seem to confuse the concept of insufficient service of process with that of personal jurisdiction.  *See* (Mot. (DE [156]) at 3 n.1) ("To be laid out in future documents, because Joybuy et al. can establish a lack of sufficient 'touches' with Florida, proper service of process is legally questionable."); *Thomas v. Brown*, 504 F. App'x 845, 847 (11th Cir. 2013) (quoting *Horizon Aggressive Growth, L.P. v. Rothstein–Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005)) (describing the analysis for determining whether the exercise of personal jurisdiction over a nonresident is proper as including consideration of whether the defendant has "minimum contacts" with the forum state).  Without more, it is unclear to the Court how the service of process Plaintiff effectuated on the Joybuy Defendants, which was sanctioned by an Order of the Court, was so faulty as to excuse the Joybuy Defendants' nonappearance in this action.  To the extent the Joybuy Defendants contest the Court's personal jurisdiction over them, they could have raised this in a motion to dismiss, but, again, it is unclear how this relates to the willfulness of their default.  Taking this all into account, the Joybuy Defendants offer nothing meaningful to refute the notion that they recklessly disregarded these ongoing judicial proceedings.  While the analysis could end here, the Court proceeds to consider the Joybuy Defendants' other arguments.

The Joybuy Defendants next assert that they have meritorious defenses to this action, but all they claim is that they have a "staunch defense of non-infringement" and will "question[] service of process."  (Mot. (DE [156] at 3).  Aside from setting out the wrong legal standard for challenging service of process, the Joybuy Defendants offer nothing more to show that their defenses are truly meritorious.  The Court cannot accept

such conclusory claims. *See Turner v. Smith, Dean & Assocs.*, 2011 WL 589473, at *2 (M.D. Fla. Feb. 10, 2011) (denying motion to vacate clerk's default based in part upon defendant offering as defenses only "conclusory statements unsupported by plausible allegations of fact" without any "facts or argument to explain how its defenses are likely to succeed").

The Joybuy Defendants also argue that setting aside the entry of default would not prejudice Plaintiff because default was only entered two months prior to their filing of the Motion. The Court recognizes that this litigation is not at a mature stage, such as being substantially into the discovery phase, but this is not because the action was filed recently but rather because Plaintiff has successfully settled with or dismissed the other non-defaulting defendants. In fact, the Court entered an order requiring the parties to file a joint scheduling report, which would have opened discovery, over a month ago, *see* (DE [149]), but Plaintiff submitted that no further scheduling was necessary where the Joybuy Defendants were the only remaining defendants for whom an attorney had entered an appearance in this action with whom Plaintiff had not already reached a settlement. *See* (DE [163]). The Court, therefore, treats this factor as being neutral as to establishing good cause for vacating the entry of default.

Finally, the Joybuy Defendants point to their counsel's promptness in acting to correct the default upon appearing in this action. This is accurate, but the Court notes that some time was lost based upon it taking three tries before the Joybuy Defendants' counsel was able to file a procedurally proper motion addressing the entry of default.

All in all, the Court is not persuaded that there is good cause to set aside the entry of default against the Joybuy Defendants in this matter based upon the content of their

Motion.  As stated above, the standard for setting aside an entry of default is liberal, but "not so elastic as to be devoid of substance."  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Vacate the Clerk's Entry of Default under Fed. R. Civ. P. 55(c) (DE [156]) filed by Defendants Joybuy Marketplace (Def. No. 142), Joybuy Marketplace (Fashion) (Def. No. 143), Joybuy Marketplace (Express) (Def. No. 161), and Joybuy Marketplace (Selection) (Def. No. 164) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 17th day of September 2024.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF