UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60618-SINGHAL

LIANGSWORD LIMITED,

    Plaintiff,

    v.

THE PARTNERSHIPS, UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE
A,

    Defendants.    /

### **ORDER**

**THIS CAUSE** is before the Court on the Joint Motion of Dismissal Pursuant to Fed. R. Civ. P. 41(A)(2) (the "Motion") (DE [171]), filed by Plaintiff Liangsword Limited, and Defendants Good Friiends (Def. No. 9), BNGXR (Def. No. 19), BNGXR-Direct (Def. No. 57), and Zitour (Def. No. 69) (collectively, the "Niworowski Defendants"). Plaintiff and the Niworowski Defendants jointly move to dismiss this action as to the Niworowski Defendants with prejudice.

Under Federal Rule of Civil Procedure ("Rule") 41(a)(2), excluding the process for dismissal described in Rule 41(a)(1), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "A district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)[.]" *Arias v. Cameron*, 776 F.3d 1262, 1268 (11th Cir. 2015). "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Id.* "While the district court 'should keep in mind the interests of the defendant, for Rule 41(a)(2)

exists chiefly for protection of defendants,' the court should also weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* (quoting *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir.1991) (per curiam)).

The Court finds that granting the Motion does justice between the parties based upon the fact that Plaintiff and the Niworowski Defendants jointly seek dismissal of the action against the Niworowski Defendants, and no other defendants in this action appear to be adversely impacted by this dismissal. Even though the Motion seeks dismissal of the claims as to only a subset of the defendants in this action, the Court is not concerned with issues of joint or several liability or other unjust agreements that seek to shift exposure onto another defendant, like those that typically arise in the Rule 41(a)(1)(A)(ii) context. *See City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1038 (11th Cir. 2023) (requiring all parties who have appeared in an action to sign a stipulation of dismissal under Rule 41(a)(1)(A)(ii) to "ensure that other parties are not somehow prejudiced by the sudden dismissal of a defendant"). Based on all that has been presented to the Court to date, it does not appear that joinder of the defendants in this action was appropriate in the first place. Therefore, it is highly unlikely that any other defendant will be prejudiced by dismissal of the Niworowski Defendants. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Joint Motion of Dismissal Pursuant to Fed. R. Civ. P. 41(A)(2) (DE [171]) is **GRANTED**. This matter is **DISMISSED WITH PREJUDICE** as to the Niworowski Defendants. Each party shall bear its own attorney's

fees and costs. Any pending motions brought by the Niworowski Defendants against Plaintiff or by Plaintiff against the Niworowski Defendants are **DENIED AS MOOT**, and all deadlines and hearings pertaining to the Niworowski Defendants are hereby **CANCELLED**.

    **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 24th day of September 2024.

                                                                                      RAAG SINGHAL
                                                                                   UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF