UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:24-cv-60618-AHS

LIANGSWORD LIMITED,

                Plaintiff,

v.

The Partnerships, Unincorporated Associations Identified
on Schedule A,

                Defendants.
_____/

**PLAINTIFF'S MOTION FOR AN ORDER TO SHOW CAUSE
WHY WALMART, INC. SHOULD NOT BE HELD IN CONTEMPT FOR
FAILURE TO COMPLY WITH THE COURT'S DEFAULT FINAL JUDGMENT**

Plaintiff, Liangsword Limited ("Plaintiff"), by and through undersigned counsel, and pursuant to the Court's inherent authority to enforce its orders, hereby moves for an Order to Show Cause why Walmart, Inc. ("Walmart") should not be held in contempt for failing to comply with the Court's October 17, 2024, Default Final Judgment and Permanent Injunction (DE [177]) ("Default Judgment"). In support, Plaintiff states as follows:

### I. BACKGROUND

On October 17, 2024, this Court entered a Default Final Judgment and Permanent Injunction (DE [177]) against fifteen (15) Defaulting Defendants for willful infringement of Plaintiff's federally registered trademark. The Default Judgment explicitly ordered all financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including Walmart, to immediately transfer restrained funds from Defaulting Defendants' accounts to Plaintiff in partial satisfaction of the monetary judgment. ((DE [177] at ¶4).

1

The Default Judgment is clear and unambiguous. It required Walmart and other platforms to "immediately (within five (5) business days) transfer" the Defaulting Defendants' funds to Plaintiff. *Id*.

On October 18, 2024, the day after the Court entered the Default Judgment, Plaintiff notified Walmart of the Order and requested prompt compliance. Despite receiving this timely notification, Walmart did not transfer any of the Defaulting Defendants' funds until after Plaintiff sent a meet-and-confer request on December 13, 2024, specifically seeking clarification regarding Walmart's delay.

Following Plaintiff's request, on December 16, 2024, Walmart made a transfer for ten (10) of the fifteen (15) Defaulting Defendants. Despite this belated action, Walmart continues to refuse to release the funds of the five Joybuy Defendants (Def. No. 142, 143, 161, 164, 165, collectively, the "Joybuy Defendants"), and has neither explained nor responded to Plaintiff's meet-and-confer request — thereby remaining in direct violation of the Court's Default Judgment.

Over two months have passed since the Court issued the Order. Walmart's ongoing refusal to comply directly violates the clear terms of the Default Judgment and frustrates the relief granted by this Court.

## II. LEGAL STANDARD FOR CIVIL CONTEMPT

Courts possess the inherent authority to enforce compliance with their orders through civil contempt. *Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1967); *see also FTC v. Nat'l Urological Grp., Inc.*, 80 F.4th 1236, 1243-44 (11th Cir. 2023) ("there is 'no question' that courts 'have inherent power to enforce compliance with their lawful orders through civil contempt.'").

To hold a party in civil contempt, the moving party must show by clear and convincing evidence that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite,

and unambiguous; and (3) the alleged contemnor had the ability to comply but did not. *See Riccard v. Prudential Ins. Co. of Am.*, 307 F.3d 1277, 1296 (11th Cir. 2002) (citing *United States v. Greyhound Corp.*, 508 F.2d 529, 537 (7th Cir. 1974); *Doe v. Bush*, 261 F.3d 1037, 1063-64 (11th Cir. 2001); *Reynolds v. Roberts*, 207 F.3d 1288, 1300-01 (11th Cir. 2000).).

Once the moving party establishes a prima facie case of contempt, the burden then shifts to the alleged contemnor "to produce evidence explaining his noncompliance" at a "show cause" hearing. *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (quoting *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir.1991)).

### III. ARGUMENT

***First***, the Default Judgment is valid and lawful. This Court had subject matter jurisdiction over the case and personal jurisdiction over the Defaulting Defendants. The Order was entered after due proceedings, notice, and consideration of the record.

***Second***, the Default Judgment is clear, definite, and unambiguous. It explicitly requires Walmart to transfer all restrained funds of the Defaulting Defendants to Plaintiff. (DE [177] at ¶4).

***Third***, Walmart, being one of the leading marketplace platforms with sophisticated payment and compliance systems, cannot credibly assert inability to comply. Walmart had actual notice of the Default Judgment and complied with respect to ten of the fifteen Defaulting Defendants. Its partial compliance underscores that Walmart had both notice and the capacity to comply fully.

Walmart's continued refusal to effectuate the transfer of funds for the five Joybuy Defendants' accounts is without justification. Plaintiff has requested compliance multiple times, yet Walmart persists in its noncompliance.

Walmart's defiance of this Court's clear order warrants a finding of contempt. Without Walmart's compliance, Plaintiff's ability to obtain the relief granted by the Court is significantly impaired, undermining the integrity of the judicial process.

## IV. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Issue an Order directing Walmart, Inc. to appear before this Court and show cause why it should not be held in contempt for failing to comply with the Default Final Judgment and Permanent Injunction (DE [177]);

B. Upon finding Walmart in contempt, impose appropriate sanctions, including but not limited to daily fines, attorneys' fees, post-judgment interests, and costs incurred by Plaintiff in bringing this motion, until Walmart fully complies with the Court's Default Judgment;

C. Grant such other and further relief as the Court deems just and proper under the circumstances.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel certifies that he/she has conferred or attempted to confer in good faith with counsel for Walmart, Inc. in an effort to obtain the requested relief, but no agreement could be reached, necessitating the filing of this motion.

December 20, 2024

Respectfully submitted,

/s/ Andrew J. Palmer
Andrew J. Palmer
Palmer Law Group, P.A.
401 E Las Olas Blvd, Suite 1400
Fort Lauderdale, FL 33308
ajpalmer@palmerlawgroup.com
Tel: +1 (954) 491-1300
***Attorney for Plaintiff***