UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60618-CIV-DAMIAN

LIANGSWORD LIMITED,

     Plaintiff,

v.

THE PARTNERSHIPS, UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A,

     Defendants.

_____/

ORDER ON MOTION FOR ORDER TO SHOW CAUSE [ECF NO. 184] AND
MOTION TO REOPEN CASE AND VACATE DEFAULT JUDGMENT [ECF NO. 185]

     **THIS CAUSE** is before the Court on Plaintiff's Motion for Order to Show Cause As

To Why Walmart Inc. Should Not Be Held In Contempt, filed December 24, 2024 [ECF No.

184 (the "Contempt Motion")], and the Joybuy Marketplace Defendants' Motion to Reopen

Case and Vacate Default Judgment, filed December 23, 2024 [ECF No. 185 (the Motion to

Vacate")] (together, the "Motions").

     THE COURT has reviewed the Motions, the Responses and Replies thereto, the

pertinent portions of the record, and relevant authorities and is otherwise fully advised.

## I.     BACKGROUND

### A. *Plaintiff's Suit And Injunction.*

     Plaintiff initiated this lawsuit on April 16, 2024, by filing the Complaint against 172

Defendants. [ECF No. 1]. In the Complaint, Plaintiff asserts claims of trademark

infringement (Count I), false designation of origin (Count II), and common law claims

(Counts III–IV) against all Defendants identified in Schedule A to the Complaint. In the

Complaint, Plaintiff alleges, generally, that the Defendants market and sell products that

infringe on its FACEGA trademark, U.S. Trademark Registration No. 6,477,441. *Id.* Included among the 172 Defendants identified in the Complaint are five affiliated entities, Joybuy Marketplace, Joybuy Marketplace (Fashion), Joybuy Marketplace (Express), Joybuy Marketplace (Selection), and Joybuy Marketplace (U.S.) (Defendant Nos. 142, 143, 161, 164, and 165, respectively) (collectively, the "Joybuy Defendants").

On April 30, 2024, Plaintiff filed a Sealed *Ex Parte* Motion for Temporary Restraining Order as to all Defendants [ECF No. 20], and the Court granted the Motion and entered a sealed temporary restraining order ("TRO") on May 14, 2024 [ECF No. 24]. Also on May 14, 2024, the Court entered orders granting Plaintiff's requests to conduct expedited discovery and to serve process by alternate means based on Plaintiff's representations, among others, that all Defendants were foreign entities, that Plaintiff lacked information about the true identities and locations of all Defendants, and that all Defendants had concealed their true identities, whereabouts, and contact information. *See* ECF Nos. 25 and 26.

After Plaintiff filed Notices indicating that it had successfully served process on all Defendants, on May 20, 2024, Plaintiff filed a Motion for Preliminary Injunction [ECF No. 27], which the Court granted in part on June 10, 2024 [ECF No. 67], after accounting for those Defendants that had been dismissed or had responded to the Complaint and opposed the injunction. Pursuant to the preliminary injunction, the enjoined Defendants are not only restrained from selling or marketing products that infringe Plaintiffs' marks, but they are restrained from transferring any funds, and all of their online marketplace accounts have been restrained. *Id.*

### B. *The Joybuy Defendants' Efforts To Resolve The Injunction.*

The Joybuy Defendants claim they were not served with the Complaint nor with Plaintiffs' Motions despite the fact that Plaintiff and its counsel are familiar with the Joybuy Defendants and their counsel through previous litigation involving the same attorneys involved in this lawsuit. According to their Motion to Vacate, the Joybuy Defendants first learned of this case on or around May 30, 2024, when they immediately notified their counsel, who then sent an email to Plaintiff explaining that they do not market or sell products but, instead, that they facilitate sales of a wide range of products between third-party sellers and their customers. *See* ECF No. 158-3; Ex. 1 ¶ 29. In that letter, counsel also proposed to cooperate with Plaintiff in this matter and in future similar cases in its capacity as a platform, and counsel pointed out that it appeared the accused product listings in this case may have been altered due to an "editorial loophole" allowing someone to "tamper with the item name or description of the seller's link," and thus, "tamper with the seller's branding or implant their own branding." *Id.* As the Joybuy Defendants point out in their Motion now before the Court, numerous other Defendants also notified Plaintiff of this potential loophole issue by which others may be manipulating the Defendants' images to make it appear that they include the FACEGA Mark. *See* Mot. to Vacate (citing ECF Nos. 82, 89, 91–93, 105, 106, 145). And counsel provided Plaintiff its correct contact information so that Plaintiff could properly effectuate service of process. *Id*.

According to the Motion, Plaintiff did not respond to the Joybuy Defendants' correspondence and did not attempt to effectuate proper service, and the Joybuy Defendants claim that, as a result, they believed that Plaintiff did not intend to pursue its claims against

them. Mot. However, after the Preliminary Injunction went into effect, the Joybuy Defendants learned that their accounts had been restrained. They therefore retained United States counsel, who appeared in this case on July 24, 2024. *See* ECF No. 130. The Joybuy Defendants proceeded to file a Motion for Extension of Time to respond to the Complaint and a Response to Plaintiff's Motion for Entry of Default. [ECF No. 137]. The Court struck that Motion on grounds it combined different types of relief and that there was no motion for default pending. *See* ECF No. 140. On August 6, 2024, the Joybuy Defendants then filed a Motion to Set Aside Entry of a Default Judgment (ECF No. 146), which the Court denied for failure to comply with the Local Rules of this Court. *See* ECF No. 150. The Joybuy Defendants then refiled the motion on August 12, 2024, as a Motion to Vacate the Clerk's Entry of a Default (ECF No. 156). The Court denied that Motion on September 17, 2024, citing numerous deficiencies in the Motion. [ECF No. 169].

According to the Joybuy Defendants' Motion to Vacate now before the Court, they retained new counsel in November 2024 and immediately reached out to Plaintiff's counsel on November 15, 2024, to discuss resolution of the default judgment. *See generally* Mot. to Vacate. The Joybuy Defendants again offered to work with Plaintiff to help identify third-party sellers who marketed the Plaintiff's products and again tried to explain to Plaintiff that the Joybuy Defendants are a platform and not sellers. *See* ECF Nos. 185-12 through 185-15. Despite numerous attempts by the Joybuy Defendants' counsel to work with Plaintiff and resolve the claims against them, Plaintiff's counsel was not willing to resolve the claims, and, therefore, the Joybuy Defendants found themselves back before this Court attempting to set aside the default judgment and preliminary injunction against them.

The Joybuy Defendants offer numerous reasons why the judgment against them should be set aside, including failure to properly serve process, misrepresentations by Plaintiff to the Court, meritorious defenses, and related issues. *See generally* Mot.

### C. *Plaintiff's Motion.*

In the Contempt Motion, Plaintiff avers that it notified Walmart, Inc. ("Walmart") of the Default Final Judgment [ECF No. 177] and requested prompt compliance. (The Default Judgment ordered all financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, including Walmart, to immediately transfer restrained funds from Defaulting Defendants' accounts to Plaintiff in partial satisfaction of the monetary judgment. *See* ECF No. 177.)

However, Plaintiff reports that Walmart did not transfer any of the Defaulting Defendants' funds until after Plaintiff sent a meet-and-confer request on December 13, 2024. Following Plaintiff's request, on December 16, 2024, Walmart made a transfer for ten of the fifteen Defaulting Defendants, but refused (and continues to refuse) to release the funds of the five Joybuy Defendants.

Plaintiff therefore asks this Court to issue an order to show cause why Walmart should not be held in contempt. *See generally* Contempt Mot.

## II.     LEGAL STANDARD

"[T]he proper, and ... exclusive method for attacking a default judgment in the district court is by way of a Rule 60(b) motion." *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.,* 740 F.2d 1499, 1507 (11th Cir. 1984) (citing Fed. R. Civ. P. 55(c)). Rule 60(b) provides that a court may set aside a default final judgment where the moving party demonstrates: (1)

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Provident Bank v. Bittleman*, No. 11-60101-CIV, 2012 WL 1414249, at *1 (S.D. Fla. Apr. 20, 2012) (Cooke, J.) (quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir. 1970)). Relief under Rule 60(b) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Enax v. Goldsmith*, 322 Fed. Appx. 833, 835 (11th Cir. 2009) (quoting *Crapp v. City of Miami Beach,* 242 F.3d 1017, 1020 (11th Cir. 2001)).

### III.   DISCUSSION

This Court has undertaken a thorough review of the parties' submissions, as well as the docket activity, including similar allegations lodged by numerous other Defendants against Plaintiff and its counsel. Suffice it to say that the Joybuy Defendants have not been a model of diligence or effectiveness insofar as their filings in this case are concerned. But, it is clear from the many attachments to their Motion that they have been diligent in trying to work with Plaintiff. Moreover, Plaintiff has not explained why they did not serve the Joybuy Defendants despite having worked with them before. Nor has Plaintiff explained why the Joybuy Defendants belong in this suit if they are a marketplace as opposed to sellers. And Plaintiff has not explained why all of any Defendants' assets should be restrained when, particularly as the Joybuy Defendants are concerned, the Defendants engage in substantial

business that has nothing to do with Plaintiff's products. The docket in this case reflects troubling issues that are of particular concern to the undersigned and cannot be overlooked despite the Joybuy Defendants' sloppy legal filings prior to last November.

At this point, the undersigned has concerns that bear on jurisdiction and the merits of Plaintiff's claims against all Defendants, and particularly so as to the Joybuy Defendants. This is therefore one of those cases that triggers the "incessant command of the court's conscience that justice be done in light of all the facts." *Provident Bank v. Bittleman*, No. 11-60101-CIV, 2012 WL 1414249, at *1. In view of the foregoing, at a minimum, this Court finds that the Joybuy Defendants should be permitted to present further evidence regarding the legitimacy of Plaintiff's trademark, Plaintiff's knowledge of whether the Joybuy Defendants are properly named in the allegations in this case (given their claim that they are a marketplace and not sellers), and Plaintiff's failure to agree to narrow the scope of the injunction.

Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief." "The party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Overall, "whether to grant the requested relief is a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F. 3d 1307, 1317 (11th Cir. 2000). Here, given the multiplicity and seriousness of the aforementioned concerns about enforcing a (to say the least) problematic Default Judgment, this Court finds that the Joybuy Defendants have met their burden of showing that, absent the relief they request, an extreme and unexpected hardship will result.

Therefore, this Court finds the judgment should be set aside and the case reopened as to the Joybuy Defendants so that these many issues may be addressed. Moreover, in light of the concerns with the judgment against the Joybuy Defendants—and the fact that it is now being vacated—the Court will not issue an Order to Show Cause to Walmart based on its failure to enforce the judgment at this time.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Joybuy Marketplace Defendants' Motion to Reopen Case and Vacate Default Judgment **[ECF No. 185]** is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Order to Show Cause As To Why Walmart Inc. Should Not Be Held In Contempt **[ECF No. 184]** is **DENIED**.

The Default Judgment is **VACATED** as to Joybuy Marketplace, Joybuy Marketplace (Fashion), Joybuy Marketplace (Express), Joybuy Marketplace (Selection), and Joybuy Marketplace (U.S.) (Defendant Nos. 142, 143, 161, 164, and 165, respectively), and the Clerk is directed to **REOPEN** this case as to these Defendants.

It is further

**ORDERED** that the Joybuy Defendants shall file a Response to the Complaint and a Response to the Motion for Preliminary Injunction no later than fourteen (14) days from the date of the entry of this Order.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 20th day of May, 2025.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

8